**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**William J. GRIDER, Respondent.**

**No. 2009–SC–000101–KB.**

Supreme Court of Kentucky.

May 21, 2009.

### *OPINION AND ORDER*

The Board of Governors of the Kentucky Bar Association has recommended to this Court that William J. Grider (KBA No. 85171) be suspended from the practice of law for thirty days. Grider was admitted to the practice of law in this Commonwealth in 1994, but he was suspended in January 2009 for failing to comply with mandatory minimum continuing legal education. His bar roster address is 121 Republic Plaza, 200 S.7th Street, Louisville, Kentucky 40202. We agree with the Board's recommendation of suspension.

In August 2006, Grider was retained by Pamela Duff to have criminal charges expunged after the Jefferson Circuit Court supposedly dismissed those charges earlier that year. Grider did not represent Duff in the criminal case. Ms. Duff paid Grider $500.00 to pursue the expungement.

Grider instructed Duff to call him in January 2007 to confirm that the expungement had been accomplished, which she did. Duff spoke with Grider again in May or June of 2007, at which time Grider told Duff to call him back in one week. She tried calling him several times but was unable to reach him.

In July 2007, Grider instructed Duff to call back for "a status" in one week. She tried calling him several times with no response.

She was finally successful in reaching Grider by phone in October 2007. But after seeing no action in her case, she went to his office in January 2008. She states he told her she would get definite information about her case the following Thursday. Grider made no contact with her after that.

The Jefferson Circuit Court record shows that Grider failed to file anything to expunge the criminal charges, which had been dismissed in 2006. The charges were eventually expunged through the efforts of another attorney, and the court record pertaining to the dismissed charges is now under seal.

The Inquiry Commission charged Grider with violations of SCR 3.130–1.3 (requiring a lawyer to act with diligence and promptness in representing a client), SCR 3.130–1.4(a) (requiring a lawyer to keep a client reasonably informed about a matter), SCR 3.130–1.16(d) (requiring a lawyer to return an unearned fee), and SCR 3.130–8.1(b) (forbidding a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority). The Board voted unanimously to recommend findings of guilt on all charges. Taking into account the facts of this case and Grider's past disciplinary history, which consists of one private reprimand in 2004, eighteen members of the Board voted to recommend sanctions of thirty days' suspension, restitution of the full $500.00 to Ms. Duff within thirty days, remedial ethics within one year, and payment of costs. One member of the Board voted for sixty-one days' suspension, restitution, remedial ethics, and payment of costs as sanctions.

Grider has not filed a notice of review under SCR 3.370(8), nor do we elect to review the decision of the Board under SCR 3.370(9), meaning that the decision of the Board is hereby adopted under SCR

3.370(10). Therefore, we find Grider guilty of all charges in this case and subject to the disciplinary sanctions recommended by the Board.

ACCORDINGLY, the Court ORDERS that William J. Grider:

1) is suspended from the practice of law for thirty days from the date of this opinion and order;

2) must make full restitution to Pamela Duff in the amount of $500.00 within thirty days from the date of this opinion and order;

3) must attend a remedial ethics program within one year of the date of this opinion and order; and

4) must pay the costs of this proceeding in the amount of $269.45, for which execution may issue from this Court upon finality of this Opinion and Order. SCR 3.450.

All sitting. All concur.

ENTERED: May 21, 2009.

/s/ John D. Minton, Jr.
Chief Justice