**Russell W. BURGIN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2011–SC–000778–KB.

Supreme Court of Kentucky.

March 22, 2012.

## OPINION AND ORDER

Movant Russell Burgin, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceedings against him (KBA File No. 18048) by imposing a 30–day suspension to be probated on the condition that he complies with certain conditions. This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

## I. Background

Movant was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2001; his KBA member number is 88688. Movant's bar roster address is 1249 S. Main St., Suite 3, London, Kentucky 40741.

Damien Taylor hired Movant in August 2008 to represent him in a divorce proceeding. Movant was paid $3,000 for the representation, though no written fee agreement was entered into. Movant did not deposit the $3,000 into an escrow account.

Mr. Taylor's wife filed for divorce first and was awarded temporary sole custody of their children. Mr. Taylor asked Movant to take steps for Mr. Taylor to have access to his children, but Movant failed to do so.

Mr. Taylor believed Movant would appear with him at a child support hearing in October 2008, but Movant never appeared, and the hearing was held without Movant's presence. Movant admits in his motion that after the hearing, he "failed to diligently proceed with the matter and failed to adequately communicate with Mr. Taylor." The latter admission is shown by Movant's failure to respond to numerous attempts at contact by Mr. Taylor.

In March 2009, Mr. Taylor fired Movant. Nevertheless, Movant continued to add charges to Mr. Taylor's bill against the advance of $3,000. These charges involved no substantive work on Mr. Taylor's behalf and provided him with no substantial benefit. After Mr. Taylor made him aware of the continued billing after the termination of representation, Movant offered to refund $360 of the fee.

Eventually, Mr. Taylor filed a bar complaint against Movant, which resulted in a five-count charge from the Inquiry Commission. The charges were as follows:

1) A violation of SCR 3.130–1.3 for failing to diligently proceed with the client's case;

2) A violation of SCR 3.130–1.4(a) for failing to keep his client reasonably informed about the status of his divorce matter;

3) A violation of SCR 3.130–1.15(a) for failing to deposit the $3,000 advance into an escrow account;

4) A violation of SCR 3.130–1.16(d) for failing to timely refund any unearned portion of the fee; and

5) A violation of SCR 3.130–3.2 for failing to take reasonable steps to expedite the client's divorce proceeding.

Movant admits violating the Rules of Professional Conduct as charged. He now asks this Court to enter an order in conformity with his negotiations with the KBA Office of Bar Counsel, which has no objection and asks that the motion be granted. According to the KBA, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by Movant.

## II. Discussion

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction

still falls within the discretion of the Court. After reviewing the allegations, and Movant's disciplinary record, which includes a private admonition in March 2011 but no public reprimands or suspensions, this Court concludes that the discipline proposed by Movant is adequate.

## ORDER

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant Russell W. Burgin is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Movant is suspended from the practice of law for 30 days, with that suspension probated for one year on the condition that he comply with the remainder of this order.

3. Movant shall attend and successfully complete the KBA's Ethics and Professionalism Enhancement Program, successful completion of which requires receiving a passing score on the exam given at the end of the program, within one year of this order. The requirement to attend this program is separate from and in addition to any other CLE requirements imposed by Court rule or order.

4. Movant may not apply for CLE credit of any kind for the KBA's ethics program. Movant must furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the ethics program to allow the Office of Bar Counsel to verify that none of the hours are reported for CLE credit.

5. Within 10 days of this order, Movant shall refund $360 to Damien Taylor, if he has not done so already, and provide proof in writing to the Office of Bar Counsel.

6. As a condition to probation of the suspension, Movant shall not engage in any other unethical behavior or be charged with professional misconduct within one year of entry of this order. Any such misconduct or charge of professional misconduct within that period, in addition to possibly resulting in an independent sanction, shall result in revocation of Movant's probation and service of the 30–day suspension.

7. If Movant fails to comply with any of these terms, the probated suspension will be imposed upon motion of the Office of Bar Counsel to this Court.

8. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $284.52, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 22, 2012.

/s/ John D. Minton
/s/ CHIEF JUSTICE