David Won–Ihl SON, Movant

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

No. 2013–SC–000213–KB.

Supreme Court of Kentucky.

May 23, 2013.

## OPINION AND ORDER

David Won–Ihl Son petitions this Court to impose the sanction of a thirty (30) day suspension probated for two (2) years for his violations of Supreme Court Rule ("SCR") 3.130–1.3, SCR 3.130–1.4(a), and SCR 3.130–1.15(a).[1] The Kentucky Bar Association ("KBA") has no objection to this proposed discipline, which was negotiated pursuant to SCR 3.480(2). Finding the negotiated sanction appropriate, we grant Son's motion. Son, whose KBA number is 87095 and whose last known bar roster address is 600 West Main Street, Louisville, Kentucky 40202, was admitted to the practice of law in the Commonwealth of Kentucky on April 21, 1998.

 Sandra Frantz hired Son in early 2008 to represent her in a personal injury case arising out of an automobile accident. Son and Frantz entered into a contingency fee agreement wherein Frantz agreed to pay Son a fee of 33.3% of any settlement proceeds. On February 5, 2008, Son negotiated a $100,000.00 settlement on Frantz's behalf and deposited that amount into his escrow account. One day later, Son wrote himself a check out of his escrow account in the amount of $33,333.33 for his fee. Son sent Frantz a check for $30,000.00 on April 11, 2008, advising her that he would hold the remaining $36,666.67 in his account until he could resolve her medical bills and liens. He then asked Frantz to submit all of her medical bills to him so that he could negotiate payments with the medical providers.

In December of 2008, Frantz attempted to contact Son regarding the status of her medical liens. She sent several letters inquiring about the status of funds in his escrow account and asking whether Son was able to negotiate payments with the various providers at that time. Frantz also left several phone messages regarding her case. Son failed to respond to her inquiries. In fact, Son failed to negotiate payment with Frantz's medical providers as promised. On March 27, 2009, Frantz sent Son a letter terminating his representation. Frantz's new counsel then requested that Son send her a copy of the client file and a check for the full amount being held in escrow. Son complied, but was forced to deposit $45,000.00 from his personal funds into his escrow account to cover the $36,666.67 check issued to Frantz's new attorney. In the twelve-month period during which Son held Frantz's funds in escrow, the balance dropped considerably below $36,666.67 nearly every month. On April 7, 2009, the balance was only $5,000.00.

The Inquiry Commission charged that Son violated SCR 3.130–1.3 by failing to resolve, or attempt to resolve, Frantz's

---

**1.** All rules referenced are to the Rules of Professional Conduct in effect before the July 15, 2009 amendments.

medical bills and liens in a reasonable amount of time after he retained $36,666.67 for that purpose; SCR 3.130–1.4(a) by not responding to Frantz's multiple communications to him inquiring about the status of the medical bills and liens and of the escrowed funds; and SCR 3.130–1.15(a) by failing to maintain in his escrow account the $36,666.67 in settlement proceeds which he was responsible for holding in order to resolve Frantz's outstanding medical bills and liens.

In his current motion, Son admits to the above violations. Son did not, at the time, perceive the negotiation of the subrogation claims to be taking an unreasonable amount of time. However, he now recognizes that too much time elapsed during his attempts to resolve those issues. As for his lack of communication with Frantz, Son claims that he believed that his paralegal, who was also Frantz's sister, was keeping her advised of the status of the negotiations. Son informs the Court that he will maintain a proper level of independent communication with his clients going forward. Son also admits that his handling of the escrow account required better oversight, and has already implemented procedures and mechanisms to that end.

Pursuant to SCR 3.480(2), Son negotiated a sanction with Bar Counsel for a thirty-day suspension probated for two years upon the conditions that he attend and successfully complete the KBA's Ethics and Professionalism Enhancement Program ("EPEP"), and does not receive any additional disciplinary charges during that time period. The KBA states no objections to the negotiated discipline, and cites *Burgin v. Kentucky Bar Association*, 362 S.W.3d 331 (Ky.2012), *Kentucky Bar Association v. Zimmerman*, 365 S.W.3d 556 (Ky.2012), *Kentucky Bar Association v. Grider*, 282 S.W.3d 330 (Ky.2009), and *Kentucky Bar Association v. Bock*, 245 S.W.3d 206 (Ky.2008) as similar cases with similar results. All of the cases referenced by the KBA involve an attorney who received a thirty-day probated suspension for his or her failure to adequately communicate with his or her client or properly manage an escrow account. This Court recommended successful completion of EPEP for the disciplined lawyers in *Burgin* and *Grider*. *Burgin*, 362 S.W.3d at 332; *Grider*, 282 S.W.3d at 331. The attorneys in *Burgin* and *Grider*, like Son, had each received only one prior admonition in a disciplinary matter. 362 S.W.3d at 332, 282 S.W.3d at 330. Unlike the attorneys in the above-referenced matters, Son refunded Frantz's $36,666.67 upon request of her new counsel.

After reviewing the record and the applicable law, we find the negotiated sanction is appropriate. Although Son failed to adequately communicate with Frantz, he did promptly refund her fee when her new attorney made the request. Furthermore, Son claims to have taken affirmative steps in implementing a better system of oversight for managing his escrow accounts. We believe that participation and completion of the EPEP program will provide further guidance in that regard.

Therefore it is hereby ORDERED:

1. David Won–Ihl Son is suspended from the practice of law in this Commonwealth for thirty (30) days, probated for a period of two (2) years from the date of the Court's Order on the condition that he comply with the remainder of this Order;

2. Son shall not receive any additional Disciplinary Charges from the Inquiry Commission during this probationary period;

3. Son shall attend, at his expense, and successfully complete the next scheduled Ethics and Professionalism Enhancement Program ("EPEP") offered by the Office

of Bar Counsel, separate and apart from his fulfillment of any other continuing education requirement within one year after entry of this Order;

4. Pursuant to SCR 3.450, Son is directed to pay all costs associated with this proceeding in the amount of $113.65, for which execution may issue from this Court upon finality of this Opinion and Order;

5. If Son fails to comply with any of the terms of discipline set forth herein, the thirty (30) day suspension shall be enforced upon application of the Office of Bar Counsel to the Court.

All sitting. All concur.

ENTERED: May 23, 2013.

/s/ John D. Minton, Jr.