**Robert M. ALEXANDER, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2013–SC–000229–KB.

Supreme Court of Kentucky.

May 23, 2013.

---

### OPINION AND ORDER

Robert M. Alexander, KBA No. 00660, was admitted to the practice of law in the Commonwealth of Kentucky on September 17, 1965, and his bar roster address is 112 East Public Square, Glasgow, Kentucky 42141. He moves this Court to impose the sanction of a thirty (30) day suspension with conditions for his violations of SCR 3.130–1.3, SCR 3.130–1.15(a), and SCR 3.130–1.16(d). The Kentucky Bar Association has no objection, as the parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

In 2003, James Ray Stell died intestate with his only property of value being the home he jointly owned with his wife, Sarah Stell. Mrs. Stell contacted Alexander regarding concerns she had about the debts she incurred as a result of her husband's death, including her home

mortgage and credit cards. Later that year, Mrs. Stell received a refund check in the amount of $7,733.39 from the funeral home for an overpayment of insurance proceeds relating to her husband's death. She entrusted the refund to Alexander to resolve her credit card debts. There was no written fee agreement regarding the services Alexander was to provide, nor the payment he was to receive.

Alexander deposited the refund check into his personal bank account rather than placing it into an escrow account, as required by law. He then withdrew $4,733.39 in cash, which was supposed to be used to negotiate Mrs. Stell's creditor claims. Alexander retained the remaining $3,000.00 in his account for the following purposes: 1) $1,500.00 as his fee to represent Mrs. Stell in the case her creditors filed civil actions against her; 2) $750.00 as his fee to handle any claims that may arise against the estate of Mr. Stell; and 3) $750.00 as his fee if Mrs. Stell was forced to file bankruptcy.

In 2004, Mrs. Stell received a letter from Discover Financial Services indicating that it had been notified of Alexander's representation, but had been unsuccessful in its attempts to contact him. In 2007, Mrs. Stell left a message at Alexander's office explaining that she thought everything had been worked out, but that she was now receiving collection letters from her credi-tors. Mrs. Stell was still receiving threatening phone calls from collection agencies when her daughter filed a bar complaint against Alexander in October of 2010.

It turns out Alexander did not use any of the $4,733.39 he had withdrawn in cash, and held for more than seven years, to pay any of Mrs. Stell's debts. Following the complaint, in December 2010, he re-deposited $4,733.39 in cash into an escrow account. Later that month he wrote Mrs. Stell a check for the amount in the escrow account along with two checks totaling another $1,500 from his personal checking account. Alexander admits that he refunded the fee because it was unearned. He did not, however, refund the $1,500 he had set aside to represent Mrs. Stell with regard to any possible civil actions that might be filed against her, even though no such actions were ever filed. Moreover, Alexander did not keep a billing record and cannot itemize the time he spent on Mrs. Stell's case, and thus cannot determine what, if any, portion of the fee he was entitled to.

The First Amended Charge alleged three counts: (1) Count I charges Alexander with violating SCR 3.130–1.3,[1] (2) Count II charges Alexander with violating SCR 3.130–1.15(a),[2] and (3) Count III charges Alexander with violating SCR 3.130–1.16(d).[3] Alexander acknowledges

---

1. SCR 3.130–1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Alexander admits he violated this rule by failing to act with reasonable diligence and promptness in attempting to settle Mrs. Stell's debts.

2. SCR 3.130–1.15(a) in effect before the July 15, 2009 amendments, and provides that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account. . . ." Alexander admits he violated this rule by failing to keep Mrs. Stell's funds in an escrow account.

3. SCR 3.130–1.16(d) in effect before the July 15, 2009 amendments, which provides in part that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practical to protect the client's interests, such as . . . surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred." Alexander admits he violated this rule by failing to refund the part of his fee that was unearned

that he engaged in the misconduct in violation of the Rules of Professional Conduct as set forth above and agrees to the imposition of discipline for his violations.

In light of his admissions, Alexander and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) which would impose a thirty (30) day suspension with the condition that he attend the next scheduled Ethics and Professionalism Enhancement Program (EPEP). *See Burgin v. Kentucky Bar Ass'n*, 362 S.W.3d 331 (Ky.2012) (holding an agreed 30–day suspension with conditions was appropriate when attorney failed to obtain a fee agreement, did not place client funds in an escrow account, failed to diligently proceed with his client's matter, and failed to adequately communicate with client); *Kentucky Bar Ass'n v. Bock*, 245 S.W.3d 206 (Ky.2008) (30–day suspension and payment of restitution for failure to: 1) file a divorce petition, 2) communicate with client, 3) refund an unearned fee, and 4) respond to initial bar complaint). Finding the case law to be in accordance, we agree that the negotiated sanction proposed in Alexander's motion is appropriate. It is ORDERED that:

1) Movant, Robert M. Alexander, is found guilty of the aforementioned violations, and is therefore suspended from the practice of law for thirty (30) days beginning with the entry of this Court's order; and

2) Alexander will attend, at his expense, the next scheduled EPEP offered by the Office of Bar Counsel, separate and apart from his fulfillment of any other continuing education requirement, within twelve (12) months after entry of this Court's order approving the motion; and

3) Alexander will not apply for CLE credit of any kind for this program.

once his representation of Mrs. Stell ended in

He will furnish a release and waiver to the OBC to review his records in the CLE department that might otherwise be confidential, such release to continue in effect until one year after he completes EPEP, in order to allow the OBC to verify that he has not reported any such hours to the CLE Commission; and

4) In accordance with SCR 3.450, Alexander is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $38.25, for which execution may issue from this Court upon finality of this Opinion and Order.

ABRAMSON, CUNNINGHAM, KELLER, SCOTT, and VENTERS, JJ., concur. MINTON, C.J., not sitting.

ENTERED: May 23, 2013.

/s/ Mary C. Noble
Deputy Chief Justice