Kent D. MITCHNER, Movant

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2013–SC–000339–KB.

Supreme Court of Kentucky.

Aug. 29, 2013.

*OPINION AND ORDER*

Movant, Kent D. Mitchner, pursuant to SCR 3.480(2), moves this Court to enter an order resolving the pending disciplinary proceedings against him (KBA File Nos. 17059 and 17980) by imposing a thirty-day suspension probated for one year with conditions. This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association (KBA). For the following reasons, the motion is granted.

## I. BACKGROUND.

Movant was admitted to the practice of law in the Commonwealth of Kentucky on May 14, 1984. His KBA number is 48965, and his bar roster address is 2075 By Pass Road, Suite 106, P.O. Box 568, Brandenburg, KY 40108.

### A. KBA File No. 17059.

In 2003, William Tager hired Movant to represent him in a divorce and custody matter. On December 11, 2003, Movant filed a petition for dissolution of marriage for Mr. Tager in the Meade Circuit Court. On May 5, 2004, the Domestic Relations Commissioner (DRC) conducted an evidentiary hearing. The next day, the Meade Circuit Court entered a Limited Decree of Dissolution of Marriage, which dissolved the parties' marriage but reserved all other issues so that Mr. Tager could remarry.

On May 13, 2004, the DRC issued its report (the DRC's Report) which made recommendations as to custody of the parties' three children, maintenance, and child support. Mr. Tager alleged he was never given a copy of this report and Movant does not have documentation to reflect that he sent the DRC's Report to Mr. Tager.

On May 24, 2004, Ms. Tager filed Objections and Exceptions to the DRC's Report, but did not list any particular objections. In response, Movant filed a motion to strike Ms. Tager's objections on the ground that no actual objections or exceptions had been set out in the document she filed. On June 4, 2004, Ms. Tager filed a supporting memorandum, and the Meade Circuit Court entered an order that same day accepting the objections and exceptions of Ms. Tager and her supporting memorandum. Movant, as counsel of Mr. Tager, was given until June 22, 2004, to file a response to Ms. Tager's objections. Movant did not file a response and be-

lieved that the case was automatically under submission because the time for filing a response to Ms. Tager's objections had expired. More than two years later, on August 17, 2006, Movant filed a motion on behalf of Mr. Tager seeking to confirm the DRC's Report. On November 9, 2006, the Meade Circuit Court entered an order confirming the DRC's Report.

In addition to the above, Movant failed to prepare child support worksheets when Mr. Tager's daughter turned eighteen (18) resulting in Mr. Tager's continued child support payments. Furthermore, Movant advised Mr. Tager to adjust his child support obligation by $100 per week once his daughter was emancipated, although there was never a court order allowing him to do so. During his representation of Mr. Tager, Movant did not respond to Mr. Tager's telephone calls, emails, or letters adequately. Additionally, Mr. Tager did not receive documents regarding the case from Movant.

Upon termination of the representation in 2007, Mr. Tager hired Patrick Graney to represent him. Graney specifically requested that Movant provide notes, financial information, and results from a private investigator. Initially, Movant provided Graney with copies of the pleadings filed in the case, but failed to provide him with the other documents and information he requested.

■ The Inquiry Commission charged Movant with violating: (1) Supreme Court Rule (SCR)[1] 3.130–1.3[2] for failing to diligently represent his client in his child custody, child support and divorce matter when he let the matter sit for two and one-half years without filing necessary pleadings to move the matter forward; (2) SCR 3.130–1.4(a)[3] by failing to respond to telephone calls, emails, and letters from his client; (3) SCR 3.130–1.4(b)[4] for failing to provide copies of pleadings to the client and failing to explain the matter to the extent reasonably necessary to enable his client to make decisions regarding the representation; and (4) SCR 3.130–1.16(d)[5] for failing to provide copies of all materials (notes, financial information, etc.) that were part of the client file. Although not admitting to all of the allegations, Movant admits his conduct violated these rules.

### B. KBA File No. 17980.

On February 20, 2008, Chris McClish paid Movant $1,600 via credit card as a non-refundable retainer for representation in a child custody modification proceeding in Breckinridge Circuit Court. Movant advised Mr. McClish that he would not be able to pursue the case in the Breckinridge Circuit Court until mid-April of 2008. Mr.

1. All references to the Model Code of Professional Conduct refer to the version and Supreme Court Rule number in effect at the time the alleged violations occurred.

2. SCR 3.130–1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

3. SCR 3.130–1.4(a) provides that "[a] lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

4. SCR 3.130–1.4(b) provides that "[a] lawyer should explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

5. SCR 3.130–1.16(d) provides that "[u]pon termination or representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

McClish began calling Movant's office requesting a court date and Movant eventually informed Mr. McClish that he could not get the case on the Breckinridge Circuit Court's docket in April as initially promised. Because Movant had not taken any action in his case, Mr. McClish terminated Movant's representation on May 9, 2008. Mr. McClish requested a refund by telephone, in person, and by email on several different occasions between May and September 2008. Mr., McClish filed a bar complaint after Movant failed to refund his money. Thereafter, Movant refunded Mr. McClish the $1,600.

Movant was asked by Deputy Bar Counsel of the KBA, by letter dated January 12, 2010, for bank records and information regarding his escrow account and the funds received from Mr. McClish. Upon receiving the letter, Movant contacted Deputy Bar Counsel and explained that money received through credit card charges, including Mr. McClish's, was placed into a regular account and not an escrow account. Movant claimed that once Mr. McClish requested a refund, the money was then placed into an escrow account until it could be credited back to Mr. McClish.

Movant agreed to provide information and documentation regarding the credit card charges, his escrow account, and how

Mr. McClish's money was specifically handled. Movant also stated that he would provide a copy of his standard form contract used with new clients. Movant failed to provide that information and documentation. Therefore, a reminder letter was sent to Movant on January 25, 2010.

Movant called Deputy Bar Counsel on February 1, 2010, claiming he had previously mailed the information and documents to the KBA. He promised to mail and fax the information the next day. A letter was mailed to Movant on February 4, 2010, detailing the previous conversation and informing Movant that no mail or fax had been received.

■ The Inquiry Commission charged Movant with violating: (1) SCR 3.130–1.3 [6] for failing to provide any legal services to his client in the time frame he advised his client the work would begin; (2) SCR 3.130–1.15(a) [7] for placing the unearned advance fee payment into a general operating account rather than his escrow account; (3) SCR 3.130–1.16(d) [8] for failing to refund the client's unearned advance fee payment for approximately twenty (20) months after termination of the representation; and (4) SCR 3.130–8.1(b) [9] by failing to provide the KBA the requested information regarding his handling of the client's funds. Although not admitting to

**6.** SCR 3.130–1.3 provides that "a lawyer shall act with reasonable diligence and promptness in representing a client."

**7.** SCR 3.130–1.15(a) provides that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from a lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person."

**8.** SCR 3.130–1.16(d) provides that "[u]pon termination or representation, a lawyer shall

take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

**9.** SCR 3.130–8.1(b) provides that a lawyer "in connection with a disciplinary matter shall not ... knowingly fail to respond to a lawful demand for information from ... [a] disciplinary authority."

all of the allegations, Movant admits his conduct violated these rules.

## II. DISCUSSION.

■ Movant now asks this Court to enter an order in conformity with his negotiations with the KBA Office of Bar Counsel, because it has no objection and asks that the motion be granted. The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction falls within the discretion of the Court.

■ According to the KBA, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by Movant. We note that this Court imposed a thirty-day probated suspension in similar cases. *See Son v. Kentucky Bar Ass'n*, 398 S.W.3d 432 (Ky.2013) (violations of SCR 3.130–1.3, SCR 3.130–1.4(a), and SCR 3.130–1.15(a)); *Burgin v. Kentucky Bar Ass'n*, 362 S.W.3d 331, 332 (Ky.2012) (violations of SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.15(a), SCR 3.130–1.16(d), and SCR 3.130–3.2). Furthermore, we note that Movant has no other disciplinary history.

Having reviewed the allegations, this Court concludes that the discipline proposed by Movant is adequate.

## ORDER

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant Kent D. Mitchner is suspended from the practice of law in this Commonwealth for thirty (30) days, probated for a period of one (1) year from the date of the Court's Order on the condition that he comply with the remainder of this Order;

2. Movant shall not receive any additional disciplinary charges from the Inquiry Commission during this probationary period;

3. Movant shall attend, at his expense, and successfully complete the Ethics and Professionalism Enhancement Program ("EPEP") offered by the Office of Bar Counsel, separate and apart from his fulfillment of any other continuing education requirement within one year after entry of this Order;

4. Pursuant to SCR 3.450, Movant is directed to pay all costs associated with this proceeding in the amount of $118.26, for which execution may issue from this Court upon finality of this Opinion and Order;

5. If Movant fails to comply with any of the terms of discipline set forth herein, the thirty (30) day suspension shall be enforced upon application of the Office of Bar Counsel to the Court.

All sitting. All concur.

ENTERED: August 29, 2013

/s/ John D. Minton, Jr.