TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2016-SC-000271-KB

JAMES ROBERT YATES                                    MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                          RESPONDENT


## OPINION AND ORDER

Pursuant to Supreme Court Rule (SCR) 3.480(2), James Robert Yates moves this Court to impose a thirty-day suspension, probated for one year with conditions for his violations of the Rules of Professional Conduct. The Kentucky Bar Association (KBA) has no objection to this negotiated discipline. Finding the proposed discipline appropriate, we grant Yates's motion. Yates whose last known bar roster address is 436 South Seventh Street, Suite 100, Louisville, Kentucky 40202, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2002.

Yates was retained to represent Heriverto Salcedo-Diaz regarding the appeal of his conviction for conspiracy with intent to distribute marijuana and for aiding and abetting possession of marijuana with intent to distribute. For those offenses Salcedo-Diaz received a 151-month sentence of imprisonment.

On January 31, 2013, Salcedo-Diaz's nephew, Jose Chavarria, contacted Yates to request that he represent Salcedo-Diaz. Chavarria paid Yates a $2,500 retainer to review the trial court record and file an appeal on behalf of Salcedo-Diaz. However, later that day, Yates learned that Salcedo-Diaz's case was in federal court, where he was not licensed to practice law. Subsequently, Yates contacted Chavarria and left a message explaining that he was unable to represent Salcedo-Diaz. Thereafter, Yates referred the case to Kyle Burden, an attorney in a different law practice, but with whom Yates shared office space and a receptionist. Burden agreed with Yates to review the trial court transcripts and file a notice of appeal in exchange for splitting the $2,500 fee.

On February 4, 2013, Chavarria made a $2,000 payment to Yates. In a letter to Chavarria dated the same day, Yates acknowledged receipt of the funds and identified the $2,000 as payment of the fee for him to review the trial transcript. Further, Yates noted that his fee to file the appeal for Salcedo-Diaz would be $5,000. Yates acknowledged his receipt of Chavarria's initial payment of $2,500 and that the remainder would be due when the brief was filed. Notably, neither of the payments made by Chavarria, were placed in Yates's client escrow account.

On February 22, 2013, Burden filed a motion with the United States District Court for the Western District of Kentucky requesting an extension of time in which to file a notice of appeal on behalf of Salcedo-Diaz. The district court granted the motion, permitting Salcedo-Diaz thirty days in which to file a notice of appeal. Yet, during that thirty-day period there was no appeal filed

nor request for additional time made. Ultimately, Yates and Burden jointly decided not to file an appeal in Salcedo-Diaz's case, but that decision was not communicated by Yates to Salcedo-Diaz. Subsequently, Salcedo-Diaz's attempts to make contact with Yates to determine the status of his appeal were to no avail. Salcedo-Diaz only learned of Yates's failure to file an appeal after directly contacting the district court himself.

On October 20, 2015, the Inquiry Commission (Commission) issued a six-count charge against Yates for violation of: (1) SCR 3.130(1.4)(a)(3) (Communication) and (2) SCR 3.130(1.4)(b) (Communication) for failing to communicate to Salcedo-Diaz his inability to represent him in federal court, his plan to share the representation with Burden, and their decision to not file an appeal; (3) SCR 3.130(1.5)(b) (Fees) for failing to communicate to Salcedo-Diaz about the scope of the representation and how the fees were to be used; (4) SCR 3.130(1.5)(e) (Fees) for not informing Salcedo-Diaz that fees for his representation would be split with Burden and for not entering into a written agreement with Salcedo-Diaz or Chavarria relating to a fee-splitting arrangement with Burden; (5) SCR 3.130(1.15)(a) (Safekeeping property) for failing to safeguard his client's funds by depositing them in his escrow account; and (6) SCR 3.130(1.16)(d) (Declining or terminating representation) for failing to inform Salcedo-Diaz that he decided to terminate the representation and not file the appeal.

Yates admits to violating the Rules of Professional Conduct as set forth by the Commission. Pursuant to SCR 3.480(2), Yates negotiated a sanction

3

with Bar Counsel for a thirty-day suspension probated for one year with conditions. The applicable conditions require that Yates attend and successfully complete the KBA's Ethics and Professionalism Enhancement Program ("EPEP"), not receive any additional disciplinary charges during that time period, and to return the $2,500 unearned prepaid fee. The KBA has no objection to the proposed discipline. Upon review of the facts in this case and relevant case law, we find the proposed discipline is appropriate.

We note that Yates has been cooperative through the disciplinary process and has no prior discipline. Additionally, the Court has previously issued similar discipline in comparable cases. *See, e.g., Burgin v. Kentucky Bar Ass'n,* 362 S.W.3d 331 (Ky. 2012) (attorney received a thirty-day suspension probated for one year for failing to communicate with client, diligently proceed with client's case, deposit client funds into an escrow account, and refund unearned fees). Also, we acknowledge that Yates has provided to the Office of Bar Counsel proof of his reimbursement of $2,500 in unearned fees.

Accordingly, it is hereby ORDERED:

1. James Robert Yates is suspended from the practice of law in this Commonwealth for thirty (30) days, probated for a period of one (1) year from the date of the Court's Order on the condition that he comply with the remainder of this Order;

2. Yates shall not receive any additional Disciplinary Charges from the Inquiry Commission during this probationary period;

3. Yates shall attend, at his expense, and successfully complete the next scheduled Ethics and Professionalism Enhancement Program ("EPEP") offered by the Office of Bar Counsel, separate and apart from his fulfillment of any other continuing education requirement within one year after entry of this Order;

4. Pursuant to SCR 3.450, Yates is directed to pay all costs associated with this proceeding in the amount of $66.45, for which execution may issue from this Court upon finality of this Opinion and Order;

5. If Yates fails to comply with any of the terms of discipline set forth herein, the thirty-day suspension shall be enforced upon application of the Office of Bar Counsel to the Court.

All sitting. All concur.

ENTERED: August 25, 2016.

_____
CHIEF JUSTICE

5