**Maureen Ann SULLIVAN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2011–SC–000533–KB.**

Supreme Court of Kentucky.

Oct. 27, 2011.

**OPINION AND ORDER**

Movant, Maureen Ann Sullivan, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceedings against her (KBA File Nos. 14115, 14233, 15480, and 15738) by imposing a 61–day suspension with 31 days probated on the condition that she return unearned portions of some fees and attend an ethics program. This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

## I. Background

Movant was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 1991; her KBA member number is 84041. Movant's bar roster address is 455 South 4th Street, Suite 382, Louisville, Kentucky 40202.

### A. File 14115

In July 2004, Movant was retained by Michael Douglas Jackson to file a post-conviction motion to review the reasonableness of his sentence on a federal conviction. Jackson paid Movant $2500 for the representation. At that time, Movant promised Jackson that the first draft of the motion would be delivered to him within three weeks. Movant did not complete the draft on time. Over the next six months, Movant went back and forth with Jackson, promising on at least four different occasions that she would draft the motion and send him a copy by a certain deadline or within a few days. Movant failed to meet every deadline and, in fact, never completed the motion. Jackson was arrested in February 2005 for a probation violation.

In November 2005, he wrote to Movant demanding the return of the $2500 retainer. In May 2006, he filed a bar complaint against Movant. A copy of the complaint was mailed to Movant; she acknowledged receipt of it in an email to Bar Counsel and promised to respond. That response, however, never came, despite subsequent personal service of the complaint on her.

A formal charge was eventually issued against Movant. It alleged three counts of ethical violations: failure to act with reasonable diligence under SCR 3.130–1.3,

failure to return an unearned fee under SCR 3.130–1.16(d), and knowing failure to respond to the bar complaint under SCR 3.130–8.1(b). Movant answered the formal charge, admitting she did not complete the promised legal services but claiming that she performed some work on the matter. She now admits that her conduct violated the provisions laid out in the charge.

### B. File 14233

In late 2004, Movant was retained to represent Dawn Russell Zabad. Specifically, she was hired to obtain Zabad's release from incarceration after a parole violation. Her motion was successful. She later appeared on Zabad's behalf in a dependency, abuse, and neglect action.

In early 2005, Zabad was arrested on new criminal charges. Movant again represented her and negotiated a plea agreement calling for a ten-year prison sentence on the new charges to run concurrently with the ten-year sentence on the earlier conviction for which she had been paroled. On the day the plea was to be entered, Movant told Zabad that the plea agreement actually called for a fifteen-year sentence for the new charges. Zabad told the trial court that she was rejecting the plea agreement.

Movant then asked to withdraw from representing Zabad. The trial court allowed the withdrawal and appointed a public defender for Zabad. Zabad asked Movant to return her file. Zabad claims the file was never returned; Movant disputes this allegation and claims she did return the file.

Zabad filed a bar complaint in May 2006. A formal charge was eventually issued against Movant, alleging two counts of eth-

ical violations: failure to return the client's file under SCR 3.130–1.16(d) and knowing failure to respond to a bar complaint under SCR 3.130–8.1(b).[1]

Movant admits not responding to the bar complaint, but claims she returned the client's file and therefore did not violate SCR 3.130–1.16(d).

### C. File 15480

Movant was hired to represent Kevin Henderson in a collateral attack on his 1998 murder conviction and life sentence. Henderson had filed multiple pro se RCr 11.42 motions in the trial court through early 2005. Around that time, Henderson's mother, Juanita Henderson, paid Movant $500 to file a supplemental memorandum in support of the pro se 11.42 motions. Movant did not file the memorandum. Mrs. Henderson tried several times to get information about the case from Movant, but Movant did not communicate with her or Mr. Henderson.

Eventually, in October 2006, Mrs. Henderson successfully contacted Movant and had her prepare a written fee agreement outlining the work to be done, which included a notice of personal appearance in the case, additional research beyond that in the pro se motions, and a supplemental memorandum. Despite this agreement, Movant did not file the memorandum, nor did she enter her appearance.

Mrs. Henderson has persistently demanded the Movant either perform the work or return the fee. Movant has done neither. As a result, in 2007, Mrs. Henderson filed a bar complaint, a copy of which was served on Movant, who failed to respond.

---

1. The Rules of Professional Responsibility were amended substantially in 2009. Because Movant's actions occurred before then, reference to the rules are to those in effect before the amendments.

A formal charge was eventually issued against Movant. It alleged five counts of ethical violations: (1) failure to act with reasonable diligence and promptness under SCR 3.130–1.3; (2) failure to keep her client reasonably informed about the status of the case and to respond to reasonable requests for information under SCR 3.130–1.4(a); (3) failure to file the supplemental memorandum, failure to give notice that she would not file the memorandum, failure to give her client time to employ other counsel, and failure to return the unearned fee under SCR 3.130–1.16(d); (4) failure to respond to a bar complaint under SCR 3.130–8.1(b); and (5) failure to perform work or return an unearned fee after taking an advance fee payment under SCR 3.130–8.3(c).

Movant denies that her conduct violated SCR 3.130–8.3(c), but she admits the other counts.

### D. File 15738

In 2005, Movant agreed to represent Clint Presley in an appeal to the Sixth Circuit. Presley, a disabled union heavy-equipment operator, had sued his union for discriminating against him in violation of the ADA. He prosecuted his suit pro se and lost in the trial court on a summary judgment motion. He began his appeal pro se also. Movant agreed to file the appellate brief on Presley's behalf on a pro-bono basis. Movant, however, failed to file the brief, even after having been given an extension of time. She nevertheless told her client that she had filed the brief. Because no brief was filed, the Sixth Circuit dismissed the appeal in December 2005.

Presley repeatedly tried to get in touch with Movant, but she did not communicate with him. When he finally reached her, he told her that she had "dropped the ball" on his case, to which she replied, "So, sue me." Presley claimed that Movant never returned any of his paperwork. He eventually got the court to reinstate his appeal, which he continued to prosecute pro se, until its dismissal in 2007.

Presley, of course, filed a bar complaint, which was personally served on Movant. She failed to respond to the complaint. A formal charge was eventually issued against Movant alleging four counts of ethical violations: (1) failure to act with reasonable diligence and promptness under SCR 3.130–1.3; (2) failure to keep her client reasonably informed about the status of the case and to respond to reasonable requests for information under SCR 3.130–1.4(a); (3) failure to file the appellate brief, failure to give notice that she would not file the brief, failure to give her client time to employ other counsel, and failure to return the client's papers under SCR 3.130–1.16(d); (4) failure to respond to a bar complaint under SCR 3.130–8.1(b); and (5) advising her client that she had filed the brief when she had not done so under SCR 3.130–8.3(c).

Movant claims she returned the client's papers to him and that her conduct did not violate SCR 3.130–8.1(c). She admits the other ethical violations.

To conclude the disciplinary proceedings, Movant negotiated a sanction with the KBA's Office of Bar Counsel. The negotiated sanction includes a 61–day suspension, of which 31 days will be probated for one year subject to several conditions. Those conditions include that Movant attend and successfully complete the KBA's Ethics and Professionalism Enhancement Program, that she not seek CLE credit for the program, that she allow the Office of Bar Counsel to review her CLE records to confirm this fact, that she refund $1000 to Michael Douglas Jackson within 60 days, and that she refund $500 to Juanita Henderson within 60 days. If she fails to

comply with any of the terms, Movant will have to serve the remainder of her 61–day suspension and notify courts and clients of the suspension.

## II. Discussion

■ The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed...." SCR 3.480(2). Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed by Movant, citing *Kentucky Bar Association v. Cartee*, 53 S.W.3d 69 (Ky.2000), and *Kentucky Bar Association v. Chinn*, 64 S.W.3d 289 (Ky.2002), as similar cases with similar outcomes. Specifically, the lawyers in those cases received 30–day suspensions for behavior similar to Movant's. As the KBA points out, Movant has multiple instances of such behavior, which differs from single instances in the cited cases and justifies a lengthier, albeit partly probated, term of suspension in this case. According to the KBA, the Chair of the Inquiry Commission and the Immediate Past President of the KBA have reviewed and approved the sanction proposed by Movant.

■ However, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." SCR 3.480(2). The Court has reviewed the allegations, the cases cited by the parties, and Movant's disciplinary record, which includes three private admonitions under SCR 3.185 but no public or private reprimands or suspensions. The Court has also reviewed the record, which is not recounted in complete detail in the parties' motion and response, but which the KBA took into account in reaching the negotiated sanction. In addition to the facts recounted above from the motion and response, the record discloses that Movant has suffered from medical and psychological problems that have affected her work and ability to defend or even respond to the KBA. She referred herself to KYLAP for help with these problems and has authorized the KBA to review her KYLAP file. The record also shows that she also did some work in the first case (where she was to challenge the client's federal sentence), including 20 hours of research and attending an oral argument in a similar case at her client's request, which justifies only a partial refund of the fee. These additional facts mitigate Movant's behavior to some degree and further demonstrate the appropriateness of the negotiated sanction. Thus, this Court concludes that the discipline proposed by Movant is adequate and declines to remand this matter for further proceedings under SCR 3.480(2).

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, Maureen Ann Sullivan, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Movant is suspended from the practice of law for 61 days, with 31 days of that suspension probated for one year on the condition that she comply with the remainder of this order. Movant will serve 30 days of her suspension beginning with entry of this order.

3. Movant shall attend and successfully complete the KBA's Ethics and Professionalism Enhancement Program, successful completion of which requires receiving a passing score on the exam

given at the end of the program, within one year of this order. The requirement to attend this program is separate from and in addition to any other CLE requirements imposed by Court rule or order.

4. Movant may not apply for CLE credit of any kind for the KBA's ethics program. Movant must furnish a release and waiver to the Office of Bar Counsel to review her records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the ethics program to allow the Office of Bar Counsel to verify that none of the hours are reported for CLE credit.

5. Within 60 days of this order, Movant shall refund $1000 to Michael Douglas Jackson.

6. Within 60 days of this order, Movant shall refund $500 to Juanita Henderson.

7. If Movant fails to comply with any of these terms the probated part of her suspension will be imposed upon motion of the Office of Bar Counsel to this Court. If the remainder of the suspension is imposed, Movant will be required to notify courts and clients under SCR 3.390.

8. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $ 811.93, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 27, 2011.

/s/ John D Minton, Jr.

Chief Justice