**KENTUCKY BAR ASSOCIATION,**
Movant.

v.

**Gail S. SLONE, Respondent.**

No. 2011–SC–000609–KB.

Supreme Court of Kentucky.

Dec. 22, 2011.

*OPINION AND ORDER*

JOHN MINTON, JR., Chief Judge.

Respondent Gail S. Slone was admitted to the practice of law in Kentucky on October 21, 1994. Her Kentucky Bar Association (KBA) Member Number is 85553, and her current Bar Roster address is 44 Sarah Everage Road, Hindman, Kentucky 41822–9147. The Inquiry Commission of the KBA has charged Slone with six counts of violating the Kentucky Rules of Professional Conduct. Slone did not respond to the charges, and the case came before the KBA Board of Governors (Board) as a default case. SCR 3.210(1). Having reviewed the record, we now adopt the recommendation of the Board.

The charges in this case arose out of Slone's representation of Barbara Henry. Slone represented Ms. Henry in a workers' compensation claim and in the appeal of a Social Security disability finding. Ms. Henry's workers' compensation claim was dismissed due to Slone's incorrect filing of a medical document. Ms. Henry made repeated attempts to contact Slone, but was unsuccessful. Ms. Henry learned of the dismissal on her own, and was eventually able to contact Slone to discuss the situation. Slone advised Ms. Henry that she would file an appeal. However, Ms. Henry later learned that no appeal was ever filed.

In the Social Security disability matter, the Social Security Administration denied Ms. Henry's application, and Ms. Henry employed Slone to pursue an appeal of that adverse ruling in the United States District Court for the Eastern District of Kentucky. Slone was not a registered participant in the federal courts' electronic filing program for the Eastern District of Kentucky. That court's rules require attorneys practicing before it to register and consent to electronic service of documents. The U.S. District Court ordered Slone to become a registered user, but she failed to comply with this order. Slone then ignored two show cause orders. This ultimately led the U.S. District Court for the Eastern District of Kentucky to suspend Slone from practicing law in that court until she complied with its orders.

This suspension also led the U.S. District Court to dismiss Ms. Henry's case without prejudice. Ms. Henry was unsuccessful in communicating with Slone about her Social Security appeal. She eventually visited the court, learned of the dismissal,

and wrote a letter to the court concerning her case. The court then vacated the dismissal and ultimately (through the assistance of Ms. Henry's new counsel) reversed the Social Security Administration's finding, remanding the case for further proceedings.

Ms. Henry filed a bar complaint against Slone on November 22, 2010. On December 1, 2010, the KBA advised Slone of the complaint via certified mail. Slone failed to respond, and the Knott County Sheriff served Slone with the complaint on January 3, 2011. Slone again failed to respond, and the sheriff served her with a reminder letter on February 3, 2011. Slone twice wrote to the Office of Bar Counsel requesting additional time to file her response, which the Office of Bar Counsel granted. Ultimately, however, she failed to respond.

The Inquiry Commission issued a six-count Charge against Slone, alleging violation of the following rules: SCR 3.130–1.1 (lawyer shall provide competent representation); SCR 3.130–1.3 (lawyer shall act with reasonable diligence and promptness); SCR 3.130–1.4 (lawyer shall keep client reasonably informed and shall reasonably consult with client); SCR 3.130–1.16(d) (lawyer shall take steps to protect client's interests upon termination of representation); SCR 3.130–3.4(c) (lawyer shall not knowingly disobey an obligation under the rules of a tribunal); and SCR 3.130–8.1(b) (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority).

The Knott County Sheriff was unsuccessful in serving the Charge on Slone. Pursuant to SCR 3.175(2), the KBA served the Charge on its Executive Director as Slone's agent. The Executive Director attempted unsuccessfully to deliver the charge to Slone. Pursuant to SCR 3.210(1), the Charge proceeded to the Board as a default case. By a vote of 19–0, the Board found Slone guilty of all six counts.

While Slone has no prior disciplinary history, she is currently suspended from the practice of law by order of this Court, dated March 7, 2011, for nonpayment of her KBA membership dues, pursuant to SCR 3.050. After considering aggravating factors (Slone's substantial experience, her failure to participate in the disciplinary process, and the vulnerability of her client) and the mitigating factor of her lack of a prior disciplinary history, the Board recommended that Slone be suspended from the practice of law for 30 days and pay all costs of this proceeding.

No notice of review has been filed by either party, and we decline to issue a notice of review. Therefore, pursuant to SCR 3.370(9),[1] we adopt the decision of the Board.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Respondent Gail S. Slone is adjudicated guilty of violating SCR 3.130–1.1; SCR 3.130–1.3; SCR 3.130–1.4; SCR 3.130–1.16(d); SCR 3.130–3.4(c); and SCR 3.130–8.1(b);

2. Respondent Gail S. Slone is hereby suspended from the practice of law in Kentucky for a period of thirty (30) days, effective from the date of this Opinion and Order. Said suspension shall be served before Respondent shall be eligible, pursuant to SCR 3.500, for restoration to membership following her suspension for nonpayment of dues under SCR 3.050; and

3. Respondent shall pay the costs of this proceeding, certified by the Dis-

1. Formerly SCR 3.370(10). Amended, effective November 15, 2011.

ciplinary Clerk in the amount of $435.50, for which execution shall issue upon finality of this Opinion and Order.

All sitting. All concur.