**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Gail Smith SLONE, KBA Member No. 85553, Respondent.**

**No. 2012–SC–000673–KB.**

Supreme Court of Kentucky.

Feb. 21, 2013.

*OPINION AND ORDER*

Respondent, Gail Smith Slone, was admitted to the practice of law in Kentucky on October 21, 1994. Her Kentucky Bar Association (KBA) Member Number is 85553, and her current bar roster address

is 44 Sarah Everage Road, Hindman, Kentucky 41822–9147. The Inquiry Commission of the KBA has charged Slone with three counts of violating the Kentucky Rules of Professional Conduct. Slone did not respond and the case came before the KBA Board of Governors (the "Board") as a default case. SCR 3.210(1). Having reviewed the record, we now adopt the recommendation of the Board.

The charges in this matter arise from Slone's representation of Angela Allen in a divorce matter. Allen hired Slone and was advised the fee would be $300.00, plus filing fees and the cost associated with having the sheriff serve the papers on Allen's husband. Allen paid $100.00 at the outset of the representation and later made additional payments totaling $415.00.

For a period of five months, Allen believed that Slone was working on the matter. About seven months after she retained Slone, Allen informed Slone that her husband had been arrested. Allen suggested to Slone that the divorce papers could easily be served upon her husband while he was incarcerated. Slone replied that she had visited Allen's husband in jail, but there was no notary to sign the papers. According to Allen, Slone never visited her husband at the jail.

Ultimately, Allen requested a refund of her fee from Slone. Slone never replied. Allen then filed a complaint with the KBA, which was mailed to Slone's bar roster address. The complaint was returned by the postal service as unclaimed. The Knott County Sheriff's Office later served Slone with the complaint at her bar roster address. Slone has not responded to the complaint.

The Inquiry Commission issued a charge against Slone, alleging three violations of the Rules of Professional Conduct. Count One alleges a violation of SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing Allen in her divorce action. Count Two alleges a violation of SCR 3.130–1.4(a)(4) for failing to promptly reply to her client's reasonable requests for information. Finally, Count Three alleges a violation of SCR 3.130–1.16(d) for Slone's failure to return the unearned portion of Allen's advance fee payment.

The Knott County Sheriff's Office tried unsuccessfully to serve the charge upon Slone. Pursuant to SCR 3.175(2), the charge was eventually served on the Executive Director of the KBA. No answer was filed. Accordingly, pursuant to SCR 3.210(1), the charge proceeded to the Board as a default case. By a vote of 17–0, the Board found Slone guilty of all three counts and unanimously recommended that Slone be suspended from the practice of law for a period of sixty-one (61) days.

In recommending the sanction, the Board considered Slone's disciplinary history. Slone is currently suspended from the practice of law by order of this Court dated March 7, 2011. This suspension was the result of non-payment of KBA membership dues.

Slone was also suspended from the practice of law on December 22, 2011, for a period of thirty (30) days. This suspension arose from Slone's representation of two clients. In addition to other violations, Slone failed to competently represent and communicate with her clients. Ultimately, she was adjudged guilty of six violations of the Rules of Professional Conduct. *See Kentucky Bar Ass'n v. Slone*, —— S.W.3d ——, 2011 WL 6543057 (Ky.2011). As in the present matter, Slone also failed to respond to the charge.

No notice of review has been filed by either Slone or the Office of Bar Counsel, and we decline to issue a notice of review.

Accordingly, pursuant to SCR 3.370(9), we adopt the decision of the Board.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Respondent, Gail Smith Slone, KBA Member No. 85553, is. adjudicated guilty of violating SCR 3.130–1.3; SCR 3.130–1.4(a)(4); and SCR 3.130–1.16(d);

2. Respondent, Gail Smith Slone, is hereby suspended from the practice of law in Kentucky for a period of sixty-one (61) days, effective from the date of this Opinion and Order. Said suspension shall be served before Respondent shall be eligible, pursuant to SCR 3.500, for restoration to membership following her suspension for nonpayment of dues under SCR 3.050;

3. Pursuant to SCR 3.390, Respondent, Gail Smith Slone shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them and all courts in which she has matters pending of her suspension from the practice of law. Slone shall also furnish copies of said letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Slone shall immediately cancel and cease any advertising activities in which she is engaged; and

4. Respondent, Gail Smith Slone, is ordered to return to Angela Allen the advance fee payment in the amount of $515.00 within thirty (30) days of the entry of this Order; and

5. Respondent, Gail Smith Slone, shall pay the costs of this proceeding in the amount of $500.22 as certified by the Disciplinary Clerk, for which execution shall issue upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. All concur.

ENTERED: February 21, 2013.

/s/ John D. Minton, Jr.