TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000233-KB

DATE 9-3-14 _____

KENTUCKY BAR ASSOCIATION                                                    MOVANT


V.                          IN SUPREME COURT


CABELL D. FRANCIS II                                                    RESPONDENT


## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) has recommended that Cabell D. Francis II be found guilty of five counts of misconduct (stemming from three charges), be suspended from the practice of law for 181 days, and be ordered to refund money to a client.

Francis was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1976; his KBA member number is 23310; his bar roster address is 101 Lancaster Street, Stanford, Kentucky 40484.

The first two charges, KBA Case Nos. 21536 and 21725, appear to arise from the same set of facts.

In January 2013, the Office of Bar Counsel received notice that three payments[1] to AT&T on his client trust account with First Southern Bank were

---

[1] The findings of fact of the Board of Governors assume these payments were for checks, but a quick review of the evidence suggests that they may have been a combination of checks and electronic funds transfers or debits. Some of the payments for which there were insufficient funds are identified only by a check number. These, no doubt, were checks. But some of the payments for which there were insufficient funds include no check number and instead state what appears to be the name of a payee (e.g., "ATT Payment" or "CCK"). Given the modern automated system for processing checks, it is unlikely that the bank entered the names of payees for some checks but not for others. This suggests that some of the payments were instead

returned for insufficient funds. The first two payments were each in the amount of $283.30, and the third was in the amount of $159.77. In February 2013, the Office of Bar Counsel was notified that two additional payments, one for $20.00 (with check number 1818 and no statement as to whom it was payable) and one for $83.65 (payable to "CCK"), were also returned for insufficient funds. The Office of Bar Counsel inquired of Francis about the payments, specifically asking for an explanation of why they had been drawn on the trust account since they appeared to be for personal matters, but received no response.

In March 2013, the Office of Bar Counsel received notice of another payment (for $186.86) on Francis's trust account for which there was insufficient funds; the notice did not say to whom it was payable. Again, the Office of Bar Counsel tried to contact Francis about the matter, but he failed to respond. Notice of a final payment (for $170 to ATMOS Energy) for which there were insufficient funds was received on May 31, 2013. Again, the Office of Bar Counsel sought an explanation for this payment but received no response.

Each notice from the Office of Bar Counsel sent to Francis stated that failure to respond could constitute misconduct under SCR 3.130-8.1(b).

In August 2013, the Inquiry Commission filed a complaint asserting that Francis had engaged in misconduct in his handling of his trust account and a copy was sent to Francis by certified mail, which went unclaimed. A copy was

---

electronic funds transfers or debits, or checks issued by the bank on behalf of Francis as part of a bill-payment service. The ethical principles involved, however, do not depend on the nature of the payments.

2

personally served on Francis in October 2013. Francis did not respond to the complaint.

As a result, the Inquiry Commission issued a one-count charge alleging a violation of SCR 3.130-8.1(b)[2] for failing to respond to the Inquiry Commission complaint. This charge was issued on December 27, 2013, and eventually became KBA Case No. 21725. This charge was personally served on Francis in February 2014. Francis did not respond to this charge.

On January 9, 2014, approximately two weeks after issuance of the first charge, the Inquiry Commission issued a two-count charge of misconduct. The KBA Case No. 21536 was assigned to this charge, which alleged that Francis violated SCR 3.130-1.15(a)[3] by failing to properly maintain client funds in this escrow account separate from his own funds and by treating clients funds as his own by paying personal expenses from the account; and SCR 3.130-8.1(b) by failing to respond to the complaint by the Inquiry Commission, despite being notified that such failure could result in an additional charge of misconduct. A

---

[2] "[A] lawyer ... in connection with a disciplinary matter ... shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6." SCR 3.130-8.1(b).

[3] "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation." SCR 3.130-1.15(a).

copy of this charge was served on Francis by certified mail on January 10, 2014. Francis did not file an answer to this charge.

As noted above, the charges in KBA Case Nos. 21536 and 21725 appear to stem from the same payments for which there were insufficient funds and overall course of conduct. The charge in Case No. 21725 was issued first and alleges only a violation of SCR 3.130-8.1(b) for failing to respond to the Inquiry Commission complaint. Though it was issued later, KBA Case No. 21536, having the lower number, appears to have been processed first by the Office of Bar Counsel. Presumably, this was because the second charge was the first to be served on Francis. Since the second charge covers the same conduct and one of its charges is identical to that in No. 21725, it would appear to be a superseding charge, adding only an additional count of violating SCR 3.130-1.15(a). Nevertheless, each case appears to have been proceeded upon, and the Board of Governors addressed and voted on both.

The third disciplinary case, KBA Case No. 22175, arises from a different set of facts. The facts in that case concern Francis's representation of a Wyonia Miller in March 2013. Miller spoke with Francis and was quoted a fee of $1200. He told her that her case would be ready to file the following Wednesday, so she needed to pay him $500 that day and the $700 balance on the following Wednesday. When Miller later saw Francis, he said that he had not started working on the case. Miller then terminated the representation and asked for a refund of her money, minus $200, which appears to have been the amount

4

agreed to for the initial meeting. Francis agreed only to return $250, and actually only refunded $150.

In August 2013, Miller filed a bar complaint, which was served on Francis by certified mail. The complaint stated that the Office of Bar Counsel and the Inquiry Commission needed additional information and that failure to reply could be grounds for a charge of misconduct. Francis did not respond to the complaint.

Consequently, the Inquiry Commission issued a two-count charge alleging that Francis violated SCR 3.130-1.16(d)[4] by failing to return an unearned portion of the fee and SCR 3.130-8.1(b) by failing to respond to the bar complaint. The charge was served on Francis, but he failed to file an answer.

Because Francis failed to answer either of the charges, they were submitted to the Board of Governors together and considered as a default case.

The Board voted unanimously, 17–0, to find Francis guilty of all five counts. After this vote, the Board considered his history of discipline, which consisted of two matters, a private admonition in February 2003 and a second private admonition in August 2012.

In light of this history and Francis's conduct, the Board voted unanimously to recommend that Francis be suspended from the practice of law.

---

[4] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law." SCR 3.130-1.16(d).

for 181 days, that he be required to refund to Wyonia Miller $150, and that he be required to pay the costs of this proceeding.

Neither the KBA's Office of Bar Counsel nor Francis has sought review by the Court under SCR 3.370(7). Furthermore, this Court declines to undertake review pursuant to SCR 3.370(8).

Ordinarily, this would mean that the Board's decision is adopted in full pursuant to SCR 3.370(9). However, in this case, because the Board independently considered a charge that had been superseded by another charge, this Court cannot accept the decision in full. The charge in KBA Case No. 21725 should not have been considered separately and instead should either have been dismissed or treated as having been superseded by the charge in Case No. 21536. This Court, therefore, cannot issue a decision finding Francis guilty of the same misconduct two times, which would be required by adopting the Board's decision in full. Instead, the charge in KBA Case No. 21725 is dismissed in favor of that in Case No. 21536.

That, however, does not require this Court to take formal review of the case, as it does not represent a substantive disagreement with the Board's findings of fact and conclusions of law, or its recommended sanction. In fact, finding no reason to disagree, this Court adopts the Board's decision as to KBA Case Nos. 21536 and 22175.

## Order

ACCORDINGLY, IT IS ORDERED THAT:

6

1. Cabell D. Francis, II, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct in KBA Case Nos. 21536 and 22175. The charge in KBA Case No. 21725, being duplicative of part of the charge in No. 21536, is dismissed.

2. Francis is suspended from the practice of law for 181 days.

3. Francis is ordered to refund $150 to Wyonia Miller.

4. As required by SCR 3.390, Francis will, within 10 days after the issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Francis shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Francis shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

5. As stated in SCR 3.390(a), this order shall take effect on the 10th day following its entry. Francis is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

6. In accordance with SCR 3.450, Francis is directed to pay all costs associated with these disciplinary proceedings against him, said sum

7

being $453.01, for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J.; Abramson, Cunningham, Keller, Noble and Scott, JJ., concur. Venters, J., not sitting.

ENTERED: August 21, 2014.

_____
CHIEF JUSTICE