TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000446-KB

**FINAL**

**DATE** 12-29-15 *Emily Grout, D.C*

KENTUCKY BAR ASSOCIATION                          MOVANT

V.                  IN SUPREME COURT

CABELL D. FRANCIS, II                     RESPONDENT
KBA MEMBER NO. 23310

## OPINION AND ORDER

Respondent, Cabell D. Francis, II, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1976. Respondent's Kentucky Bar Association ("KBA") member number is 23310 and his bar roster address is 101 Lancaster Street, Stanford, Kentucky 40484. In December of 2014, the KBA Inquiry Commission issued a three-count disciplinary Charge against Respondent in KBA File Number 23148. The Charge reached the KBA Board of Governors (the "Board") by default in August of 2015. The Board ultimately found Respondent guilty of committing all three disciplinary infractions, and recommended a suspension from the practice of law for a period of sixty (60) days. The case now stands submitted to this Court for adoption of the Board's Findings of Fact, Conclusions of Law, and Recommendation.

The underlying facts of this disciplinary action occurred during the course of Respondent's representation of Carl Bartleson. On August 13, 2014, Mr. Bartleson's mother, Lanier Bowman, contacted Respondent about

representing her son who was facing possible felony charges. At the time, Mr. Bartleson's case was still pending before the Boyle District Court. Respondent agreed to represent Mr. Bartleson for a fee of $1,000.00, which would be paid in installments. Accordingly, on August 16, 2014, Ms. Bowman provided Respondent with a check in the amount of $550.00 as the first installment.

On August 21, 2014, this Court issued an Opinion and Order in a separate disciplinary action against Respondent and suspended him from the practice of law for 181 days. *See Kentucky Bar Ass'n v. Francis,* 439 S.W.3d 750 (Ky. 2014). Of course this precluded him from continuing to represent Mr. Bartleson. This Court's Order further instructed Respondent to notify "all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel." *Id.* at 753. Approximately ten days later, Ms. Bowman learned of Respondent's suspension from a third party. She subsequently contacted Respondent and requested that he return the funds she had previously provided. On September 2, 2014, Respondent sent Ms. Bowman the following email:

> If i had the money to give u I would. i would have finished if i were allowed to do so. Unfortunately i cant. i regret that and im sorry that i cant. i represented ur son in the boyle district court to date only for which i haue [sic] been paid what u paid. for that i thank you. i did not take the additional money u had for me because of my situation. i can do nothing else now. [sic]

On September 18, 2014, Ms. Bowman filed a bar complaint against Respondent in order to recoup the $550.00. Respondent was subsequently served with the bar complaint via certified mail on September 25, 2014. Along

2

with the bar complaint was a request for additional information and a warning that failure to respond could result in an additional charge of misconduct. Respondent, however, failed to respond to the bar complaint. As a result, on December 29, 2014, the KBA Inquiry Commission filed a three-count Charge against Respondent alleging the following violations of the Kentucky Rules of Professional Conduct: Count I, Supreme Court Rule ("SCR") 3.130-1.5(a) (charging an unreasonable fee); Count II, SCR 3.130-1.16(d) (failure to protect client's interest upon termination of representation, including refunding any advanced payment or fee); and Count III, SCR 3.130-8.1(b) (failure to respond to a lawful demand for information from an admissions or disciplinary authority).

On January 29, 2015, Respondent was served with the Charge via personal service. Respondent did not file an answer to the Charge and the case proceeded to the Board. Respondent was ultimately found guilty of committing all three disciplinary infractions. In regards to Count I, the Board found that Respondent violated SCR 3.130-1.5(a) by accepting Ms. Bowman's $550.00 payment when he had performed no work other than notifying the court he would be representing Mr. Bartleson. The Board concluded that Respondent committed Count II by failing to return to Ms. Bowman the unearned $550.00 fee she had already paid. As to Count III, the Board believed Respondent was guilty of violating SCR 3.130-8.1(b) by failing to respond to the KBA's request for additional information concerning the bar complaint. By a unanimous vote,

the Board determined that the appropriate punishment was to suspend Respondent from the practice of law for sixty (60) days to run consecutively with the 181-day suspension Respondent received in *Francis,* 439 S.W.3d 750. Moreover, the Board ordered Respondent to attend the Ethics and Professionalism Enhancement Program and refund Ms. Bowman $550.00.

Neither Respondent, nor the Office of Bar Counsel, has requested that this Court take review of the Board's decision pursuant to SCR 3.370(7). This Court also declines the opportunity to independently review the Board's decision per SCR 3.370(8). The Board's findings are adequately supported by the record and its recommended period of suspension is a suitable punishment. *See Sullivan v. Kentucky Bar Ass'n,* 353 S.W.3d 342 (Ky. 2011) (imposing a sixty-one day suspension on an attorney who, among other things, failed to return unearned fees and failed to respond to the KBA's request for additional information); *see also, Kentucky Bar Ass'n v. Slone,* 390 S.W.3d 787 (Ky. 2013) (holding that an attorney's failure to return unearned fees, coupled with other minor disciplinary infractions, warranted a sixty-one day suspension).

Furthermore, this Court finds additional support for the Board's imposition of suspension based on Respondent's disciplinary history. In 2003 and 2012, for example, Respondent received private admonitions from the KBA, with the latter case involving failure to return an unearned fee. Likewise, as already mentioned, Respondent was suspended by this Court in 2014 for committing similar misconduct. *See Francis,* 439 S.W.3d 750. In that case,

4

Respondent was found guilty of failing to properly maintain his clients' funds in a separate escrow account, failing to respond to the KBA's request for additional information, and for failing to return an unearned fee.

Having reviewed the record, analogous case law, and Respondent's disciplinary history, we hereby adopt the Board's Findings of Fact, Conclusions of Law, and Recommendation pursuant to SCR 3.370(9).

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, Cabell D. Francis, II, KBA member number 23310, is found guilty of violating SCR 3.130-1.5(a), SCR 3.130-1.16(d), and 3.130-8.1(b).

2. Respondent is suspended from the practice of law in the Commonwealth of Kentucky for a period of sixty (60) days to run consecutively to the 181-day suspension that this Court imposed upon Respondent in *Francis*, 439 S.W.3d 750.

3. Respondent shall remit payment to Lanier Bowman in the amount of $550.00 within sixty (60) days from the date of this Order.

4. Respondent shall attend and successfully complete the Ethics and Professionalism Enhancement Program within twelve (12) months from the date of this Order and may not claim continuing legal education credits for attending the program.

5. Pursuant to SCR 3.450, Respondent is directed to pay all costs associated with this disciplinary proceeding, in the amount of $313.54

5

for which execution may issue from this Court upon finality of this Order.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Wright, JJ., sitting. All concur. Venters, J., not sitting.

ENTERED: December 17, 2015.

_____
CHIEF JUSTICE

6