KENTUCKY BAR ASSOCIATION,
Movant,

v.

Nicholas G. HAWKINS, Respondent.

No. 2007–SC–000849–KB.

Supreme Court of Kentucky.

March 20, 2008.

As Modified Sept. 18, 2008.

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Nicholas G. Hawkins be suspended from the practice of law for five years. We agree with the Board's recommendation. Hawkins was admitted to the practice of law in Kentucky on October 16, 1998. His bar roster address is P.O. Box 493, Harrods Creek, Kentucky 40027, and his member number is 87412.

Hawkins practiced law in Louisville with the law firm of Borowitz and Goldsmith. On June 29, 2004, a managing member of that firm, Max J. Goldsmith, reported to the Bar Association that Hawkins had received and negotiated several settlement checks made payable to Hawkins' clients. Hawkins had admitted to Mr. Goldsmith that he had cashed a series of checks and retained the proceeds instead of depositing them in the client's settlement account.

In response to Mr. Goldsmith's allegations, the Inquiry Commission petitioned this Court to enter an order temporarily suspending Hawkins from the practice of law in Kentucky. This Court granted the petition in an opinion and order dated November 18, 2004. Hawkins has not practiced law in Kentucky since that date.

The record indicates that Hawkins began practicing law with Borowitz and Goldsmith in 2002. He was compensated by the law firm based on a formula that rewarded attorneys who originated work and then performed services for clients. Over time, the compensation arrangement was altered and Hawkins became dissatisfied. According to Hawkins, his dissatisfaction with the compensation arrangement led to the conduct underlying the present charges.

Between May of 2003 and June of 2004, Hawkins cashed and retained proceeds from thirteen different checks. Many of these checks were associated with Hawkins' representation of Universal Uniforms in a matter against Trademark Floors. The parties eventually reached a settlement agreement negotiated by Hawkins.

The settlement was for $2,500.00, to be paid in $250.00 installments. Apparently, when he received the checks on behalf of Universal Uniforms, Hawkins endorsed them and retained the money for his personal use.

Hawkins also negotiated settlements between Universal Uniforms and Budget Cleaning Service, and between Universal Uniforms and Bryant Implement. Again, Hawkins endorsed a check issued by Budget Cleaning Service in the amount of $750.00 and retained the proceeds. In the Bryant Implement matter, Hawkins prepared an order of satisfaction after receiving a check in the amount of $1,000.00 from Bryant Implement. However, Hawkins gave none of these proceeds to his law firm.

In 2003, Hawkins represented William Cannon in a domestic relations matter. Mr. Cannon wrote a check to Hawkins in the amount of $750.00 for the representation. He later wrote another check in the amount of $133.50. Hawkins endorsed these checks and kept all of the proceeds.

In April of 2004, Hawkins again represented Universal Uniforms in a matter against New Albany Country Club. He received a check from the country club in the amount of $3,500.00, made payable to Universal Uniforms. Hawkins wrote a letter to the comptroller of Universal Uniforms and enclosed a copy of the check, asking that he endorse and return it to Hawkins. After receiving the endorsement, Hawkins endorsed the check and retained the proceeds.

Hawkins' conduct came to the attention of his law firm in June of 2004. Hawkins admitted endorsing some of the checks in question and keeping the money. He was fired, but met with firm management a month later. At this second meeting, he admitted to the theft of funds relating to all the checks, except for the Bryant Implement check.

When the matter came before the trial commissioner, Hawkins admitted to endorsing all of these checks except for one. However, upon Hawkins' termination from the firm, a receipt stub for this thirteenth check was found in his office desk. At the hearing, Hawkins also explained that he was having increasing problems with alcohol abuse. These problems culminated when he was twice cited for driving under the influence in June of 2004. He enrolled in an outpatient recovery program, as well as the Kentucky Lawyers Assistance Program. In his defense, Hawkins also claimed that he believed the law firm was not compensating him fairly, thus justifying his retention of the checks.

The Inquiry Commission issued a four count charge against Hawkins. Count One alleged that Hawkins violated SCR 3.130–1.15(a) when he failed to hold his clients' property—i.e., their settlement checks—in an account separate from his own property. Count Two alleged that Hawkins violated SCR 3.130–1.15(b) by failing to notify his clients that he had received settlement checks, and by failing to promptly deliver such checks to the client. Count Three alleged a violation of SCR 3.130–8.3(c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Finally, relating to Hawkins' arrests for driving under the influence, Count Four alleged that he committed a criminal act reflecting adversely on his honesty, trustworthiness and fitness as an attorney, a violation of SCR 3.130–8.3(b).

■ The Board unanimously found Hawkins guilty of Counts One, Two and Three of the charge. The Board unanimously concluded that Hawkins was not guilty of Count Four. In its consideration of the case, the Board noted that Hawkins' conduct was egregious and occurred over a

period of time of several months. His former law firm has been required to repay Universal Uniforms for the money it is owed, and Hawkins has not made any effort to reimburse his former law firm. The Board further took into consideration Hawkins' sobriety, aided by his involvement in Alcoholics Anonymous, and his earnest participation in the Kentucky Lawyers Assistance Program.

■ Based on the seriousness of Hawkins' conduct and his pattern of dishonesty, we believe the Board's recommendation of a five-year suspension is justified. Hawkins has not filed a notice of review pursuant to SCR 3.370(8). We decline to review the decision of the Board under SCR 3.370(9). Therefore, the decision of the Board is hereby adopted under SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT

1. Respondent, Nicholas G. Hawkins, KBA Member No. 87412, is suspended from the practice of law for five years. The period of suspension shall commence on the date of entry of this opinion and order and shall continue until he is reinstated to the practice of law by this Court under SCR 3.510;

2. Hawkins must pay full restitution in accordance with the Board of Governor's recommendation and findings;

3. In accordance with SCR 3.450, Hawkins is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $2,267.92, for which execution may issue from this Court upon finality of this Opinion and Order; and

4. Under SCR 3.390, Hawkins shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Hawkins shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: March 20, 2008.

/s/ Joseph E. Lambert
Chief Justice