**TO BE PUBLISHED**
FINAL
**Supreme Court of Kentucky**
2014-SC-000543-KB
DATE 11-4-14 ___ ___

ADRIENNE A. THAKUR                                          MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                          RESPONDENT


## OPINION AND ORDER

Pursuant to SCR 3.480(2), the negotiated sanction rule, Movant, Adrienne A. Thakur, KBA Number 92703, moves this Court to impose upon her a five-year suspension, along with additional conditions, to resolve the professional misconduct charges contained in KBA File 21456. The Kentucky Bar Association (KBA) has no objection to Movant's request.

Movant was admitted to the practice of law in Kentucky on October 17, 2008, and her bar roster address is 385 Georgetown Street, Lexington, KY 40508. For the reasons set forth herein, we grant Movant's motion.

Movant was employed as an associate attorney by the law firm of Henry Watz, Raine & Marino, PLLC, in January, 2009. In July, 2010, Movant began to steal funds, some of which belonged to the law firm and some of which belonged to clients. Eventually, the stolen funds totaled $8,858.00. When the theft was discovered, Movant resigned from the firm. On March 15, 2013, Movant signed a promissory note by which she undertook the obligation to

repay "the funds she wrongfully diverted" on or before July 31, 2013. The note was not paid in full until November 5, 2013.

On January 16, 2014, the Inquiry Commission issued a three-count charge against Movant. Count I alleged that Movant violated SCR 3.130-1.15(a)[1] by concealing from the firm the receipt of funds from, or for, certain clients and by not turning over said funds to the firm. Count II alleged that Movant violated SCR 3.130-1.15(b)[2] by not notifying the firm of the receipt of funds from, or for, certain clients and by not turning over the funds for deposit into the appropriate account. Count III alleged that Movant violated SCR 3.130-8.4(c)[3] by concealing from the firm the receipt of funds from clients and diverting the funds for her own personal benefit instead of turning them over for deposit into the appropriate account.

Appellant admits that she is guilty of each of the above ethical violations. As punishment, Movant requests a five-year suspension from the practice of law, with the additional conditions that she immediately be evaluated by KYLAP and follow any recommendations made by that office, and that she

---

[1] "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account . . . ."

[2] "Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client, third person, or both in the event of claims by each to the property. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, third person, or both in the event of a claim by each to the property, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive . . . ." (Pre-January 2014 amended version of the rule).

[3] "It is professional misconduct for a lawyer to: . . .(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

attend the Office of Bar Counsel's Ethics and Professionalism Enhancement Program (EPEP) and pass the exam at the conclusion of that program before she applies for reinstatement. The KBA presents no objection to Movant's proposed sanction.

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court.

In support of the negotiated sanction the KBA cites us to *James v. Kentucky Bar Ass'n*, 397 S.W.3d 405 (Ky. 2013), and *Kentucky Bar Ass'n v. Hawkins*, 260 S.W.3d 337 (Ky. 2008). In *James* the attorney was charged with multiple rule violations, including SCR 3.130-1.15(a) and SCR 3.130-8.4(c) for conduct which included misuse of client funds. For these violations the attorney received a negotiated five-year suspension and was ordered to submit to an evaluation and ongoing monitoring by KYLAP during the suspension period. In *Hawkins* the attorney misused client funds by cashing, and retaining for himself, the proceeds of thirteen settlement checks payable to clients for which he received a five-year suspension.

3

After reviewing the allegations, the Movant's previous disciplinary record, her restitution efforts, her willingness to cooperate with KYLAP and undergo supplemental ethics training, and the cases cited by Bar Counsel, this Court concludes that the discipline proposed by Movant, and agreed to by the KBA, is the appropriate sanction here, and thus grants Movant's motion.

It is therefore ORDERED that:

1) Movant, Adrienne A. Thakur, KBA Number 92703, 385 Georgetown Street, Lexington, KY 40508, is adjudged guilty of violating SCR 3.130-1.15(a), SCR 3.130-1.15(b), and SCR 3.130-8.4(c) as charged in KBA File 21456;

2) Movant is suspended from the practice of law in Kentucky for five years effective from the date of this order;

3) Movant is referred to KYLAP and shall be evaluated by a professional recommended by them and fully comply with all recommendations resulting from such evaluation;

4) Before applying for reinstatement, Movant shall attend the Ethics and Professionalism and Enhancement Program of the KBA at her expense and pass the exam given at the end of the program. Movant shall not apply the CLE credit for this attendance at that program, and Movant shall furnish a release and waiver to the Office of Bar Counsel to review her CLE records that otherwise may be confidential to verify her compliance with the Program and that she has not reported any hours to the CLE Commission for attending that Program;

4

5) Pursuant to SCR 3.390, Movant shall, within ten days from the entry of this Opinion and Order, if she has not already done so, notify all clients, in writing, of her inability to represent them; notify, in writing, all courts in which she has matters pending of her five-year suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel;

6) If he she has not already done so, to the extent possible, Movant shall immediately cancel and cease any advertising activities in which she is engaged; and

7) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $49.52 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 23, 2014.

_____
CHIEF JUSTICE

5