# Supreme Court of Kentucky

2016-SC-000112-KB

TO BE PUBLISHED
FINAL
DATE 5-17-16 ElnAGourtt Dc.

PAMELA C. BRATCHER                                                           MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                           RESPONDENT


## OPINION AND ORDER

Movant, Pamela C. Bratcher,[1] admits to violating Supreme Court Rule

(SCR) 3.130(1.15)(a), SCR 3.130(1.15)(b), and SCR 3.130(8.4)(c). Pursuant to

SCR 3.480(2), she requests this Court to impose the sanction negotiated with

Bar Counsel. The Kentucky Bar Association has no objection to this request.

Finding the suspension from the practice of law for one year to be partially

probated with conditions to be appropriate discipline for Bratcher's

misconduct, the motion is granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

KBA File No. 23019 concerns Bratcher's representation of Leila Kronfli in

a personal injury, slip and fall, suit against a Louisville hotel. The cause of

action occurred December 8, 2013. The representation agreement provided a

---

[1] KBA Member No. 82543; bar roster address, P.O. Box 130, Bowling Green, Kentucky 42102. Movant was admitted to the practice of law November 4, 1988.

33.33% contingency fee to Bratcher. The case settled. On May 12, 2014, Bratcher deposited the $75,000.00 settlement check into her IOLTA account.

Upon depositing the check, the IOLTA account balance was $75,309.29. Bratcher was entitled to pay her fee of $25,000.00 from the proceeds, but was also required to keep $50,000.00 in the IOLTA account to pay outstanding medical liens and to transfer the remainder to Kronfli. Bratcher did not notify Kronfli when she received the settlement check.

Kronfli contacted Bratcher on or about July 21, 2014 seeking an update. Bratcher informed Kronfli that medical bills and liens remained unpaid and it would be a few more weeks before she could give her the settlement proceeds due her. Bratcher agreed, however, to pay part of the proceeds and on July 23, 2014, wrote a check to Kronfli for $15,000.00. The balance in the IOLTA account at that point was $14,006.81. On July 28, 2014, after having made a $5,000.00 deposit which was characterized as a loan, the balance in the account was $17,406.81.

On September 3, 2014, Bratcher made a $10,000.00 deposit, also characterized as a loan. After that deposit, the IOLTA account balance was $10,754.94.

On September 4, 2014, Bratcher wrote a check for $3,853.58 to Anthem to settle its lien against the settlement proceeds. The account balance remained at $10,754.94 on that date.

On September 9, 2014, the IOLTA account balance was $20,777.94. On September 10, 2014, Bratcher wrote the checks for Kronfli's final outstanding

2

medical bills totaling $1,104.05 (check to KyOne for $173.89, Goulds for $182.67, and Jewish Hospital for $747.49). She also wrote a check to Kronfli for $5,000.00.

On October 1, 2014, the IOLTA account balance was $34,682.29. Bratcher wrote a check to Kronfli on that date for $15,000.00. On October 6, 2014, the account balance was $32,032.46. On that date, Bratcher sent Kronfli a final statement accounting for the settlement proceeds; Bratcher also wrote a check to Kronfli for $10,042.37, paying the remainder due her from the settlement.

The KBA Inquiry Commission filed a Charge against Bratcher alleging violations of Supreme Courts Rules, as follows:

a. 3.130(1.15)(a)[2] by commingling Kronfli's settlement proceeds with her own money which she received through personal loans;

b. 3.130(1.15)(b)[3] by failing to notify Kronfli that she had received the settlement funds and failing to promptly deliver to Kronfli the funds to which she was entitled; and

---

[2] SCR 3.130(1.15)(a) provides in pertinent part that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.

[3] SCR 3.130(1.15)(b) provides: Upon receiving funds or other property in which a client has an interest, a lawyer shall promptly notify the client. Except as stated in this Rule or otherwise permitted by law or by agreement with the client a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property.

c. 3.130(8.4)(c)[4] by using Kronfli's funds as her own, as evidenced by her failure to maintain the proper balance in the IOLTA account for Kronfli's representation.

## II. DISCIPLINE

Bratcher admits to violating The Supreme Court Rules cited above. She suggests that physical and mental health issues, and concerns which began with a July 31, 2014 cancer diagnosis be considered as mitigating factors. Bratcher seeks this Court's approval of the sanction negotiated with Bar Counsel. Specifically, she requests this Court to impose upon her a one-year suspension, with sixty days to be imposed immediately upon the Court's order of discipline and the remainder to be probated for two years, conditioned upon Movant incurring no further disciplinary charges, successfully completing the KBA's Ethics and Professionalism Enhancement Program (EPEP) within one year of this Court's disciplinary order, and filing quarterly reports with the KBA showing her compliance with KYLAP recommendations. The KBA has no objection to this request.

The KBA considers the requested sanction to be appropriate based upon the facts and the discipline imposed in *Son v. Kentucky Bar Association*, 398 S.W.3d 432 (Ky. 2013); *Kentucky Bar Association v. Hawkins*, 260 S.W.3d 337

---

[4] SCR 3.130(8.4)(c) provides: It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

4

(Ky. 2008); *Thakur v. Kentucky Bar Association*, 444 S.W.3d 435 (Ky. 2014); and *Kentucky Bar Association v. Hill*, 476 S.W.3d 874 (Ky. 2015).

In *Son*, the attorney's charges included violating SCR 3.130(1.15)(a), the safekeeping property rule, by failing to maintain in his escrow account the settlement proceeds needed to resolve his client's outstanding medical bills and liens. Upon the client terminating his representation, the attorney was forced to deposit his own money into the escrow account to cover the $36,666.67 transfer to the new attorney. The sanction negotiated and approved was a thirty-day suspension probated for two years upon the conditions that Son not receive any additional disciplinary charges during that time period and he attend and successfully complete the KBA's EPAP.

In *Hawkins*, KBA Board of Governors found the attorney guilty of violating SCR 3.130(1.15)(a), SCR 3.130(1.15)(b), and SCR 3.130(8.[4])(c). Over a period of about a year, the attorney cashed thirteen settlement checks and kept the proceeds for personal use; no effort was made to repay his firm. A five-year suspension was approved due to Hawkins' egregious conduct and pattern of dishonesty which occurred over the several months.

In *Thakur*, over a period of about three years, the attorney took funds from the law firm and clients totaling $8,858.00. Promising to repay the funds, the attorney paid the note in full in approximately three months. The attorney admitted to violating SCR 3.130(1.15)(a), SCR 3.130(1.15)(b), and SCR 3.130(8.4)(c). The negotiated and approved sanction was a five-year

suspension from the practice of law with additional conditions that she follow KYLAP recommendations and successfully complete the EPAP.

In *Hill*, across three disciplinary cases, the attorney systematically mislead his clients about the status and progress of their respective cases and was found guilty of twelve ethical violations. While the trial commissioner recommended a five year suspension and the Board of Governor's recommended a 181 day suspension, this Court considered the attorneys' effort to deal with his disabling depression and alcoholism as mitigating evidence when deciding that an 18-month suspension, with the additional condition that Hill continue treatment for substance abuse in conjunction with the KYLAP program, was appropriate. This discipline was viewed as striking a balance between protecting the public by removing the attorney temporarily and allowing a long enough period for rehabilitation to be assessed.

Bratcher's health concerns did not arise until July 2014. This was after receiving the settlement proceeds, after failing to notify Kronfli that the settlement check was received, and after taking part of the funds. "For evidence of a lawyer's disability to be accorded a mitigating effect in a KBA disciplinary case, it must be shown that the disability caused the misconduct." *Hill*, 476 S.W.3d 874, 884 (Ky. 2015) (citations omitted). Nevertheless, it is recognized that Bratcher has suffered and continues to suffer from depression and has taken steps to limit its impact.

After reviewing the allegations, Bratcher's previous disciplinary record, her willingness to complete the EPAP and cooperate with KYLAP; her claim to

6

have taken affirmative steps in implementing a better system for managing her IOLTA account and our belief that completion of the EPEP program will be of further benefit in that regard, her efforts to repay the client, and the cases cited by Bar Counsel, this Court concludes that the discipline proposed by Bratcher and agreed to by the KBA is appropriate. The motion for suspension from the practice of law for one year to be partially probated with conditions is granted.

## III.    ORDER

It is therefore ORDERED that:

1) Movant, Pamela C. Bratcher, KBA Number 82543, P.O. Box 130, Bowling Green, KY 42102, is adjudged guilty of violating SCR 3.130(1.15)(a), SCR 3.130(1.15)(b), and SCR 3.130(8.4)(c) as charged in KBA File 23019;

2) Bratcher is suspended from the practice of law in Kentucky for one year effective from the date of this order, with a sixty-day suspension to be imposed immediately and the remainder to be probated for two years upon the following conditions;

3) Bratcher shall not receive any new disciplinary charges;

4) Bratcher shall attend the Ethics and Professionalism and Enhancement Program of the KBA at her expense and pass the exam given at the end of the program within one year of this order. Bratcher shall not apply the CLE credit for attendance at that program, and Bratcher shall furnish a release and waiver to the Office of Bar Counsel to review her CLE records that otherwise may be confidential to verify her compliance with the Program and that she has not reported any hours to the CLE Commission for attending that Program;

7

5) Bratcher is referred to KYLAP and shall be evaluated by a professional recommended by them and fully comply with all recommendations resulting from such evaluation. Bratcher shall pay all costs required to pursue compliance with KYLAP recommendations. Bratcher shall file quarterly reports with the Disciplinary Clerk of the KBA for distribution to the Office of Bar Counsel demonstrating her compliance with the KYLAP recommendations;

6) Bratcher shall timely pay her KBA membership dues;

7) Bratcher shall timely satisfy all continuing legal education requirements; and

8) In accordance with SCR 3.450, Bratcher is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $78.08 for which execution may issue from this Court upon finality of this Opinion and Order.

Cunningham, Hughes, Keller, Noble, Venters, and Wright, JJ., sitting. All concur. Minton, C.J., not sitting.

ENTERED: May 5, 2016.

_____
DEPUTY CHIEF JUSTICE

8