TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0106-KB

TRACI LEE TIDBALL PEPPERS                                                    MOVANT

IN SUPREME COURT

V.

KENTUCKY BAR ASSOCIATION                                          RESPONDENT

## OPINION AND ORDER

Pursuant to Supreme Court Rule (SCR) 3.480(2), Traci Lee Tidball Peppers moves for consensual discipline based on a negotiated sanction agreement with the Kentucky Bar Association (KBA). Peppers requests this Court enter an Order resolving the pending disciplinary proceeding against her by imposing, retroactive to August 20, 2020, a five-year suspension from the practice of law for her admitted violations of SCR 3.130(1.15)(a) related to safekeeping of client property and SCR 3.130(8.4)(c) relating to professional misconduct. The KBA filed a response stating it had no objection to the motion for consensual discipline. Because Peppers and the KBA have agreed on the sanction, and our caselaw supports the proposed resolution in this matter, we hold this sanction to be the appropriate discipline for Peppers' conduct and grant her motion.

Peppers was admitted to the practice of law in Kentucky on May 2, 2005, and has no history of prior discipline. Her KBA number is 90685 and her bar roster address is 108 Garet Way, Glasgow, Kentucky, although Peppers currently resides in Tallahassee, Florida. The present disciplinary proceeding arose from Peppers' admitted violations of the Rules of Professional Conduct in KBA File 20-DIS-0085, concerning Peppers' misappropriation or improper dealings with funds she held as conservator for the estate of a minor. On August 20, 2020, this Court temporarily suspended Peppers pending the outcome of the disciplinary process.

In 2010, Nicole Suzanne Garrett, unexpectedly passed away. Nicole's son, Garrett Hunter Graves, was the beneficiary of her life insurance policy which appears to have paid approximately $191,000. The child also was entitled to a monthly Social Security benefit of $720 due to his mother's death. Adam Graves, Garrett's father, was appointed guardian and took control of Garrett's assets. Between October 2011 and March 2013, Adam transferred or appropriated nearly the entirety of Garrett's estate to pay for his own personal and business expenses, leaving the estate with less than $14,000. Adam obtained no court authorization to expend any funds. It appears Garrett neither directly nor indirectly benefitted from his father's spending. When Adam's misdeeds became impossible to conceal further, he resigned as Garrett's guardian. Peppers was then appointed as conservator for Garrett's estate.

Almost immediately after her appointment, Peppers recognized Adam's

2

improper use of Garrett's funds and began aggressively attempting to recover the same. Ultimately, Peppers and Adam reached a negotiated settlement agreement, although the exact details of the agreement were noticeably absent from the Agreed Order tendered to the court. Between April 2013 and August 2015 Adam repaid approximately $14,000 to the estate. No further payments were made, and Peppers apparently took no action to collect additional sums. She filed periodic settlements in 2014 and 2015; no further filings were tendered. On February 15, 2018, Peppers was appointed as Family Court Judge for the 43rd Judicial Circuit. She did not resign as conservator as she should have based on her new role as judge. Peppers was defeated in the November 2018 general election, thereby removing the impediment to her serving as Garrett's conservator.

After five years of receiving no periodic settlements, the court scheduled a show cause hearing for Peppers on February 27, 2020; she did not appear. On March 10, 2020, Peppers appeared, with counsel, and informed the court she was unable to file a periodic settlement, leading the trial court to immediately remove her as conservator and appoint Brian K. Pack as her successor. Pack undertook an audit of bank records for all of Garrett's previous accounts. The audit revealed between April 2016 and January 2020, Peppers transferred approximately $28,500 of Garrett's funds into her own personal or business accounts. During this time, she deposited $4,000 into Garrett's account, resulting in a total of approximately $24,500 of Garrett's funds unaccounted for. On April 15, 2020, Peppers voluntarily tendered

3

$27,000 in certified funds to Pack to make Garrett whole. This amount was approximately $2,500 more than Pack calculated as Garrett's loss due to Peppers' actions. Peppers self-reported her conduct to the KBA, resulting in the filing of the current disciplinary action.

The Inquiry Commission charged Peppers with violating SCR 3.130(1.15)(a) which provides in relevant part "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account[.]" Peppers was also charged with violating SCR 3.130(8.4)(c) which provides it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Peppers admits she violated this rule by her conduct, and she and the KBA have agreed to a negotiated sanction to resolve this matter.

Under SCR 3.480(2), this Court "may consider negotiated sanctions of disciplinary investigations, complaints or charges . . . ." Peppers now moves this Court to accept this consensual discipline for her violations of SCR 3.130(1.15)(a) and SCR 3.130(8.4)(c). She asks us to impose the sanction of a five-year suspension from the practice of law, retroactive to August 20, 2020, the date of her temporary suspension. The KBA, having acknowledged its review of her motion and analogous case law, stated no objection to the proposed discipline and requested we order the proposed discipline.

Peppers has no prior disciplinary record, made a timely good faith effort to make restitution, and has been cooperative throughout these proceedings.

4

She also presented some evidence of ongoing mental health issues which were undiagnosed and not being managed at the time of her misconduct. However, her actions evince a dishonest or selfish motive and establish a pattern of misconduct relative to financial dealing with client funds.

As stated by Bar Counsel, the proposed sanction is supported by the discipline imposed for similar violations in *Kentucky Bar Assoc. v. Calvert*, 607 S.W.3d 700 (Ky. 2020), and *Thakur v. Kentucky Bar Assoc.*, 444 S.W.3d 435 (Ky. 2014). The Chair of the Inquiry Commission and a Past President of the KBA reviewed and approved the sanctions. After reviewing the allegations, Peppers' previous disciplinary record, and the cases cited by the KBA, this Court concludes the discipline proposed by Peppers, and agreed to by the KBA, is appropriate.

Therefore, because the KBA and Peppers have agreed to the five-year suspension, the Court hereby orders:

1. Traci Lee Tidball Peppers' motion for consensual discipline is granted pursuant to SCR 3.480(2).

2. Peppers is adjudged guilty of the above-described and admitted violations of SCR 3.130 (1.15)(a) and SCR 3.130(8.4)(c).

3. Peppers is suspended from the practice of law for five years with such suspension to be imposed retroactively to August 20, 2020, for the violations.

4. If she has not already done so, pursuant to SCR 3.390, Peppers must promptly take all reasonable steps to protect the interests of her

5

clients, including, within ten days after the issuance of this order, notifying by letter all clients of her inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which Peppers has matters pending. Peppers must simultaneously provide a copy of all such letters to the Office of Bar Counsel.

5. If she has not already done so, pursuant to SCR 3.390, Peppers must immediately cancel any pending advertisements; must terminate any advertising activity for the duration of the term of suspension; and must not allow her name to be used by a law firm in any manner until she is reinstated.

6. Pursuant to SCR 3.390, Peppers must not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees.

7. Pursuant to SCR 3.450, Peppers is directed to pay all costs associated with this disciplinary proceeding against her, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. Minton, C.J.; Conley, Hughes, Keller, Lambert and Nickell, JJ., concur. VanMeter, J., dissents with a separate opinion.

VanMeter, J., dissenting. Theft of client funds, here over $24,000, when one serves in a fiduciary capacity justifies the permanent sanction of disbarment. *Ky. Bar Ass'n v. Edwards*, 377 S.W.3d 557 (Ky. 2012) (permanently disbarring attorney serving in a fiduciary capacity for taking

6

$78,000 of his ward's funds); *Ky. Bar Ass'n v. Christian*, 320 S.W.3d 687 (Ky. 2010) (permanently disbarring attorney who took $13,000 from estate and failed to comply with statutory obligations as executor of estate).  I expressed this consistent view in *Ky. Bar Ass'n v. Calvert*, 607 S.W.3d 700, 710 (Ky. 2020) (VanMeter, J., concurring in part, dissenting in part).

ENTERED:  April 28, 2022.

_____
CHIEF JUSTICE

7