TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0203-KB

KENTUCKY BAR ASSOCIATION                                                    MOVANT

V.                                        IN SUPREME COURT

DAVID ALAN COHEN                                                        RESPONDENT

## OPINION AND ORDER

Respondent, David Alan Cohen, whose Kentucky Bar Association (KBA) Member Number is 87994, was admitted to practice law in Kentucky on October 29, 1999. His bar roster address is 225 Barberry Lane, Lexington, Kentucky 40503. The Board of Governors of the KBA (Board) has recommended that Cohen be suspended from the practice of law for three years, followed by a two-year period of probation, with conditions. This Court accepts the recommendation.

### Background

The present case stems from a two-count Charge issued in KBA File 20-DIS-0074. The following facts underlying the disciplinary action are uncontroverted.

Between February 1, 2014, and January 31, 2020, Cohen was employed by the law firm of Miller Edwards Rambicure, PLLC ("the Firm") as a contract

senior associate. In mid-January 2020 it was discovered Cohen had accepted a cash fee several months earlier without disclosing the client or the fee to the Firm. At a meeting between Cohen and several partners of the Firm, Cohen admitted his noncompliance with firm procedures pertaining to new client engagement and subsequently returned to the Firm the $450 retainer he had been paid. Cohen's employment was terminated by the Firm effective January 31, 2020.

Shortly thereafter, attorney Scott White contacted the Firm on Cohen's behalf to discuss the "mess" Cohen had gotten himself into. On February 5, 2020, White met with members of the firm and reported Cohen had been providing "off the books" legal services for a number of years. The following day, White delivered two cashier's checks to the Firm—one for $22,836 for fees Cohen had collected and deposited into his personal account, and the other for $9,166.66 as reimbursement for Cohen's last paycheck. Additionally, White turned over a plastic bag containing $21,785 in cash.

In its subsequent investigation, the Firm discovered the extent of Cohen's wrongdoings. For several years he had accepted payments from multiple clients for legal services without disclosing or remitting payments to the Firm or to the Central Kentucky Legal Services Agency which had referred clients to him. Cohen had also been reimbursed by the Firm after submitting fraudulent expense reports. Finally, it was found that Cohen had taken blank checks from the Firm's operating account; written checks to himself, forging the

managing partner's signature or using a signature stamp for the office manager; and concealed records of the fraudulent checks.

Under its own authority, the Inquiry Commission issued a complaint on January 26, 2021, setting forth the above-stated facts. Cohen, by counsel, filed a verified response on March 22, 2021, admitting the factual allegations and pledging to fully cooperate with the Inquiry Commission's investigation. The response claimed Cohen had mitigating and exculpatory evidence.

On October 28, 2021, the Inquiry Commission formally charged Cohen with violating SCR 3.130(1.15)(a)[1] for depositing the fees he collected into a personal account rather than an escrow account, and SCR 3.130(8.4)(c)[2] for accepting side payments from clients without disclosing them to the firm, submitting false reimbursement requests, and forging checks from the Firm's

---

[1] SCR 3.130(1.15)(a) states:

> A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

[2] SCR 3.130(8.4) states, in pertinent part, "It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

3

operating account, all of which resulted in a loss of over $44,000 for the Firm. Cohen's verified answer admitted the factual and legal allegations set forth in the Charge. He asserted his cooperation with the Inquiry Commission and the Firm's internal investigations along with his reimbursement of the withheld fees should be considered in mitigation. He also alluded to seeking mental health treatment as a mitigating factor but provided no specifics regarding any such treatment.

After the Trial Commissioner scheduled a hearing, Cohen terminated his counsel and the matter was rescheduled. The day prior to the new date, Cohen e-mailed the Trial Commissioner and Bar Counsel seeking a continuance. The request was denied, and the Trial Commissioner noted Cohen would not be permitted to present evidence at the hearing because he had failed to comply with pretrial disclosure deadlines. The hearing proceeded as scheduled, but Cohen did not appear. The KBA submitted evidence of Cohen's admissions to the Charge. A post-hearing brief filed by the KBA sought a finding of guilt and a recommendation of a five-year suspension from the practice of law as a penalty, citing legal authority supporting its request. Cohen did not file a brief.

In his Report filed on November 28, 2022, the Trial Commissioner found Cohen guilty of both counts in the Charge. The Trial Commissioner concluded the Rules of Professional Conduct were primarily intended to protect clients, the only harm alleged was between a lawyer and his firm, the Firm had received full restitution, and Cohen had no prior disciplinary record. Thus, the recommended penalty was a suspension of 181 days, referral to KYLAP, and a

two-year period of probation following the suspension with monthly reporting to a KYLAP mentor to determine Cohen's commitment to the Rules of Professional Conduct, his clients, and colleagues. The recommendation also included a requirement for Cohen to attend the KBA's Ethics and Professional Enhancement Program (EPEP) and pay the costs associated with the disciplinary process.

## Proceedings Before the Board

The KBA appealed to the Board, asserting the length of the suspension was unsupported by substantial evidence and was clearly erroneous as a matter of law. The KBA argued a five-year suspension was appropriate. No opposition was lodged to the additional recommendations relative to KYLAP and EPEP. Cohen did not participate before the Board.

By a vote of 17-0, the Board rejected the Trial Commissioner's Report for the reasons urged by the KBA. The Board then undertook a de novo review of the evidence and unanimously found Cohen guilty of both counts of the Charge. It further found Cohen failed to meet his burden of proof relative to his mental health treatment as a mitigating factor because he offered nothing other than bare assertions that his mental health issues led to the unprofessional conduct. The Board then considered three possible disciplinary penalties:

1. A three-year suspension followed by a two-year probation contingent on reporting monthly to a KYLAP mentor to determine Respondent's commitment to the Rules of Professional Conduct, clients, and colleagues; attendance at the KBA's EPEP; and payment of all costs of the disciplinary process;

5

2. A five-year suspension; and

3. Permanent disbarment.

Eleven members voted for a three-year suspension with the noted conditions, four members voted for a five-year suspension, and two members voted for permanent disbarment.

### Analysis

Neither Cohen nor the Office of Bar Counsel has sought review by the Court under SCR 3.370(7). It is clear Cohen was aware of the Charge and the allegations contained therein and he participated in the early stages of the disciplinary process. He unfortunately ceased doing so just prior to the hearing before the Trial Commissioner. Nevertheless, his unqualified admissions to the professional misconduct and the evidence of substance presented in the record render further review unnecessary.

Thus, because the factual allegations are uncontroverted, the Board's findings, conclusions, and recommendation are otherwise supported by the record and the law and are appropriate in light of Cohen's actions, his failure to meaningfully participate in the disciplinary process, and the nature of the charges against him, this Court elects not to review the recommendation of the Board as allowed under SCR 3.370(9). The decision of the Board is therefore adopted pursuant to SCR 3.370(10).

We note the proposed sanction is appropriate based on the facts and discipline imposed in *Son v. Kentucky Bar Ass'n,* 398 S.W.3d 432 (Ky. 2013) (negotiated sanction of 30 days suspension probated for two years for attorney

6

who improperly used client funds held in his escrow account); *Kentucky Bar Ass'n v. Hawkins,* 260 S.W.3d 337 (Ky. 2008) (five-year suspension for lawyer who cashed 13 client settlement checks, converted the funds to his own use, and made no effort to reimburse his former law firm); *Thakur v. Kentucky Bar Ass'n,* 444 S.W.3d 435 (Ky. 2014) (negotiated five-year suspension for lawyer who misappropriated client and firm funds); and *Kentucky Bar Ass'n v. Chenault,* 600 S.W.3d 247 (Ky. 2018) (four-year suspension with eighteen months probated for attorney who committed theft of public funds).

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Respondent, David Alan Cohen, is found guilty of violating one count of SCR 3.130(1.15)(a) and one count of SCR 3.130(8.4)(c).

2. Cohen is hereby suspended from the practice of law for three years, followed by a two-year probationary period contingent upon monthly reporting to a KYLAP mentor to determine Cohen's commitment to the Rules of Professional Conduct, clients, and colleagues, and attendance at the KBA's EPEP.

3. Because Cohen's suspension exceeds 180 days, he must fulfill all relevant requirements under SCR 3.502 for reinstatement.

4. Pursuant to SCR 3.390(2), Cohen, if he has not already done so, shall, within twenty days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters to the Office of Bar Counsel.

7

5. Also pursuant to SCR 3.390(2), Cohen shall, to the extent possible, immediately cancel and cease any advertising activities in which he is engaged.

6. During the time of his suspension, Cohen shall not accept new clients or collect unearned fees.

7. In accordance with SCR 3.450, Cohen shall pay the costs of this action in the amount of $490.92, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 24, 2023.

_____
CHIEF JUSTICE